**Donald Russell COURTNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00723–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 28, 1995.

Discretionary Review Refused Jan. 10, 1996.

James R. Reed, Houston, for Appellant.

John B. Holmes, Jr., Ernest Davila, Karen Barney, Houston, for Appellee.

Before O'CONNOR, ANDELL and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

A jury found appellant, Donald Russell Courtney, guilty of misdemeanor assault of the complainant, Lorenzo Torres. The trial court assessed appellant's punishment at 180–days imprisonment in the Harris County

jail, probated for one year, and a $300 fine. In his sole point of error, appellant contends that the trial court erred in refusing to place an instruction in the jury charge that a person is entitled to defend himself when under the apprehension of apparent rather than actual danger. We reverse the judgment of the trial court and remand this case to the court.

### Summary of Facts

Appellant's father, Donald Courtney, Sr., owned a print shop named "Allstate Printing." Lorenzo Torres (a 67 year-old employee), John Gilson, and appellant worked at the print shop. On the afternoon of October 27, 1993, appellant and Gilson got into an argument that led to an altercation between appellant and Torres. At trial, the State and appellant presented conflicting evidence as to what caused the altercation and how the altercation developed.

### The State's Witnesses

The State called Gilson, Torres, and Officer Garcia, an officer with the Houston Police Department who reported to the scene. Their testimony established that the incident in question arose because appellant and his father were arguing about the method by which Gilson was setting up a printing job. Appellant became enraged and ran up to Gilson screaming and flailing his arms. Gilson, afraid for his safety, got behind a heavy steel rolling table to protect himself from appellant. Appellant backed Gilson against a wall and stood about two feet from him. The record is not clear whether appellant was in front of or behind the table when he cornered Gilson. Gilson testified that appellant was screaming at his father during the confrontation. Gilson kept appellant from advancing closer by holding up a pair of scissors that he had been using before the altercation started, but he did not jab at appellant with the scissors. Gilson testified that appellant was the aggressor in the struggle for control of the stick. Further, Torres testified:

Q: Do you remember how you were holding the stick?

A: I was holding it on my shoulder, more or less.

. . . .

Q: Mr. Torres, what were your intentions when you approached the defendant with that stick?

A: Well, I was just trying to get, you know, well I—I just thought I could help John [Gilson] out, that's all I thought, you know, but evidently it didn't work.

. . . .

Q: You came towards Donnie, right?

A: I just—I didn't have to get too far from him, he wouldn't too far from me, you know, and I just told him to leave John alone, you know.

Q: And then he grabbed the club, right?

A: Uh-huh.

Q: And then you struggled over the club, right?

A: Uh-huh.

. . . .

Q: Did you ever swing the club at Donnie?

A: No, I didn't actually swing it at him, no.

Q: Never did, never hit him in the elbow?

A: No, I just kind of, you know, just kind of tried to get his attention. I never hit him in the elbow with the stick, no sir.

Appellant grabbed the stick, and he and Torres struggled for control of the stick. Torres was injured in the struggle because appellant hit him with the stick and because he was thrown into printing equipment during the fight for the stick. Gilson left the area where he had been standing to call the police. Appellant's father grabbed the stick to stabilize the situation and convinced both appellant and Torres to let go of the stick.

### Appellant's Witnesses

Appellant's version of the story was much different than the State's. Both appellant and his father testified that appellant confronted Gilson about a lie that he had allegedly told concerning appellant, and Gilson stood behind the rolling table and made jabbing motions at appellant with the scissors. Further, Torres approached appellant from behind, held the stick in a "battery stand," and said, "I'm not afraid of you." Gilson

then stepped closer to appellant with the scissors and jabbed them at appellant. Torres also swung at appellant with the stick several times and struck him once on the elbow. Appellant grabbed the stick, and he and Torres struggled for control until appellant's father grabbed the stick and talked both appellant and Torres into letting go. Appellant did not strike Torres with the stick, but Torres was injured when he was banged up against the printing equipment during the struggle.

**The Charge**

Appellant's theory of the case was that he acted in self-defense when he grabbed the stick and wrestled with Torres for its control. The court's charge to the jury stated:

Upon the law of self defense, you are instructed that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force.

*When a person is attacked, or an attempt is made to attack such person, with unlawful force,* and there is created in the mind of such person a reasonable expectation or fear of some bodily injury, then the law excuses or justifies such person in resorting to force to the degree that he reasonably believes is immediately necessary, viewed from his standpoint at the time, to protect himself from attack or attempted attack.

. . . .

"Reasonable belief" means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor.

Now if you find and believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant struck the Complainant with a stick, *but you further find from the evidence, or you have a reasonable doubt thereof, that at that time the defendant was under attack or attempted attack from the Complainant, LORENZO TORRES,* that the defendant reasonably believed, as viewed from the defendant's standpoint, that such force as was used by the defendant was immediate-

ly necessary to protect the defendant against *such attack or attempted attack,* and so believing, the defendant struck the Complainant with a stick, and that such force was not deadly force used by defendant, then you will acquit the defendant and say by your verdict "not guilty."

(Emphasis added.) During the charge conference, appellant requested that the court also give the following instruction on self-defense in apprehension of apparent danger because of Torres' testimony that he never attacked appellant:

*When a person is attacked with unlawful force or he reasonably believes he's under attack or attempted attack with unlawful force and there is created in the mind of such person a reasonable expectation of fear of some bodily injury,* then the law excuses or justifies such person in resorting to force to the degree that he reasonably believes is immediately necessary viewed from his standpoint at the time to protect himself from the attack or attempted attack. *It is not necessary that there be an actual attack or attempted attack as a person has a right to defend his person from apparent danger and is fully aware and to the same extent as he would, had the danger been real provided that he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time when he reasonably believes such force was immediately necessary to protect himself against the person's use or attempted use of an unlawful force.*

. . . .

Now if you believe from the evidence beyond a reasonable doubt that on the occasion in question the Defendant did strike the complainant, Lorenzo Torres, with a stick, *but you further find from the evidence or you have a reasonable doubt thereof that viewed from the standpoint of the Defendant at the time from the words or conduct or both of Lorenzo Torres, that [sic] reasonably appeared to the Defendant that his person was in danger of bodily injury and there was created in his mind a reasonable expectation of fear of bodily injury from the use of unlawful*

*force at the hands of Lorenzo Torres, and acting under such apprehension and reasonably believing that the use of force on his part was immediately necessary to protect himself against Lorenzo Torres' use or attempted use of unlawful force, the Defendant struck Lorenzo Torres with a stick, then you'll acquit the defendant, or if you have a reasonable doubt as to whether or not the Defendant was acting in self-defense on said occasion under said circumstances, you should give the Defendant the benefit of the doubt and say by your verdict, not guilty.*

(Emphasis added.) The court denied the requested instruction, and appellant contends that this was reversible error.

### Analysis

▮▮▮ As noted above, the court's charge instructed the jury that appellant was authorized to use self-defense if Torres attacked appellant or attempted to attack appellant by use of unlawful force. However, appellant requested a charge that would instruct the jury that appellant might be entitled to self-defense even though Torres did not actually attack or attempt to attack appellant. The Penal Code states the following with regard to self-defense: "[A] person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." TEX.PENAL CODE ANN. § 9.31 (Vernon 1994). Section 1.07(42) defines "reasonable belief" as "a belief that would be held by an ordinary and prudent man in the same circumstances as the actor." TEX.PENAL CODE ANN. § 1.07(42) (Vernon 1994); *see also Ex parte Drinkert*, 821 S.W.2d 953, 955 (Tex.Crim.App.1991) (law of self defense requires jury to view reasonableness of defendant's actions solely from defendant's standpoint). Because an ordinary person might reasonably believe in certain circumstances that he is being attacked by another when in fact he is not, the proper use of self-defense is not limited to situations when a person is actually attacked. Rather, a person has a right to defend against apparent danger to the same extent as actual danger, provided that he acts upon a reason-

able apprehension of danger as it appears to him at that time. *Dyson v. State*, 672 S.W.2d 460, 463 (Tex.Crim.App.1984); *see also Jones v. State*, 544 S.W.2d 139, 142 (Tex.Crim.App. 1976).

▮▮▮ The charge in this case did not include an instruction on apparent danger. We must consider whether appellant was entitled to an instruction on apparent danger. If the evidence raises a defensive theory, an accused is entitled to have that theory submitted to the jury. *Reese v. State*, 877 S.W.2d 328, 333 (Tex.Crim.App.1994). In determining whether the evidence raises the issue of a defensive charge, we must consider all of the evidence raised at trial, regardless of the strength of the evidence or whether it is controverted. *Id.* The law is no different with regard to jury instructions on apparent danger. However, it is not error to restrict the right of self-defense to an actual attack if the only theory of self-defense presented by the testimony is an actual attack and the danger, if there was danger, was apparent to the defendant. *Brooks v. State*, 548 S.W.2d 680, 684 (Tex.Crim.App.1977).

As noted, Torres testified at trial that he did not try to hit appellant with the stick before appellant initiated the struggle, and Gilson testified that Torres only threatened to hit appellant with the stick if appellant did not back away from Gilson by the time Torres counted to five. Appellant contends that this testimony, if believed by the jury, indicated that appellant reasonably acted under the fear of an attack even though the attack was apparent rather than actual. The State responds that Torres and Gilson's testimony did not raise the issue of apparent danger because, according their testimony, Torres' threat was conditioned upon appellant's refusal to back away from Gilson. In other words, the State seems to contend that appellant could have avoided the altercation with Torres without endangering himself by simply backing away from Gilson rather than initiating the struggle with Torres for the stick.

Upon viewing Torres and Gilson's version of the facts objectively from appellant's standpoint, we conclude that a reasonable

person in appellant's position could have believed that Torres was attacking or attempting to attack appellant. Appellant could have reasonably believed that he could not back away from Gilson as Torres commanded without exposing himself to the risk of being stabbed with the scissors by Gilson. We conclude that the evidence raised the issue of an apparent attack, and the trial court therefore erred in refusing over appellant's objection and requested instruction to place an instruction on apparent attack in the jury charge.

We now consider whether the charge error was harmless. In reviewing the trial court's error, we apply the standard set forth in *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). When an error in the charge is the subject of a timely objection in the trial court, reversal is required so long as the error is not harmless. *Id.* Since a timely objection and request were made, then reversal is required if the error is calculated to injure the rights of the defendant, which means that there must be no more than some harm to the accused from the error. TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1995). The actual degree of harm must be addressed in light of the entire jury charge, the state of the evidence, including contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record. *Almanza,* 686 S.W.2d at 171; *Jordan v. State,* 859 S.W.2d 418, 421 (Tex. App.—Houston [1st Dist.] 1993, no writ). In our case, because the trial court erred in submitting an instruction to the jury on apparent danger, the jury was denied the chance to consider a defensive issue that was raised by adequate evidence. Because self-defense was such a closely contested issue, we conclude appellant suffered actual harm.

We sustain appellant's sole point of error.

We reverse the judgment of the trial court and remand this case to the trial court for further proceedings.