**Fernando Guillermo TORRES,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–00572–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1999.

Rehearing Overruled Dec. 16, 1999.

Norman J. Silverman, Houston, for appellants.

* Senior Justices Ross A. Sears, Bill Cannon,

Alan Curry, Houston, for appellees.

Panel consists of Justices SEARS, CANNON, and LEE.*

## OPINION

NORMAN LEE, Justice (Assigned).

Appellant Fernando Guillermo Torres (Torres) appeals his conviction for assault, claiming the jury should have been charged about apparent danger. We agree that the trial court should have instructed the jury about apparent danger. Additionally, we overrule the State's cross-point that the trial court erred in instructing the jury on self-defense. Accordingly, we reverse and remand for a new trial.

## BACKGROUND

A jury found Torres guilty of assault because of a physical altercation he had with his then wife. At trial, both parties described the altercation differently. Torres's wife testified that she was in their master bedroom when Torres tried to initiate sexual relations with her. She declined, and he became angry and verbally abusive. She retreated into a guest bedroom, to which he followed her after a few minutes. When she again declined Torres's sexual advances, he squeezed her tight, pushed her head down, kicked her three times, scratched her arms, and returned to the master bedroom. After some time, Torres's wife realized she needed an alarm clock, and she returned to the master bedroom. The two began to argue again, in part about the movie that Torres was watching on the television. When Mrs. Torres tried to leave the room, her husband grabbed her arm, ripped her nightgown, and pulled her hair. He pushed the television and video tape recorder onto her toe, which bled, and continued to push her and pull her hair. In Mrs. Torres's version of the altercation, she only participated verbally in their argument.

Torres's version of the altercation is as follows: He testified that he returned from

and Norman Lee sitting by assignment.

work late that night and laid on the bed next to his wife. When she ignored him and was "cold" to him, he commented about a hat that he saw with the slogan, "Mean People Suck." Mrs. Torres became upset by this comment and went into the guest bedroom. After about ten minutes, he followed her to comfort her, but she continued to be hostile. She told him that she hated him and to "go away," so he returned to the master bedroom. After twenty minutes, Mrs. Torres also returned to the master bedroom, became angry again, and hit him in the nose with her fist. A struggle ensued in which Torres grabbed his wife by the hair at her forehead and pushed her away from him. As their argument continued, she knocked the television and video tape recorder off their table. When she lunged at him again, he used his hand to push her away.

Much of Torres's testimony described previous incidents where his wife had struck him or become increasingly "out-of-control." She had punched him in the nose, causing it to bleed, scratched his face and body, knocked him down, and thrown things in his eye. She had also damaged property when angry at him: a broken window, mini blinds pulled askew, papers and books strewn across a room, and his car's sides dented by her kicks. He had once called the police because of her actions. He also testified that he had all of these instances in mind on the night of the altercation. He testified that he only tried to prevent his wife from attacking him after she hit him first. Torres thus claims that the testimony raised the issue of self-defense from an apparent danger. He claims that the trial court's refusal to include apparent danger in the jury charge violated the Texas Code of Criminal Procedure and his state and federal constitutional rights.

### APPARENT DANGER

#### A. Evidence of Apparent Danger

■ Torres's three points of error argue that the trial court erred in excluding an instruction in the jury charge about self-defense due to apparent danger. Self-defense is a justification for otherwise unlawful conduct. *See Giesberg v. State,* 984 S.W.2d 245, 249 (Tex.Crim.App.1998), *cert. denied,* 525 U.S. 1147, 119 S.Ct. 1044, 143 L.Ed.2d 51 (1999). A defendant is "justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." Tex. Pen. Code Ann. § 9.31 (Vernon 1994). A person also has the right to defend against apparent danger to the same extent as if the danger was real. *Hamel v. State,* 916 S.W.2d 491, 493 (Tex.Crim.App.1996).

■ A defendant has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless whether the trial court finds the defense credible. *Id.; Miller v. State,* 815 S.W.2d 582, 585 (Tex. Crim.App.1991). Throughout his trial, it was clear that Torres wished to assert self-defense due to apparent danger. He testified about his wife's previous violent conduct and its impact on him at the time of this offense. This is an established method of proof in raising self-defense to an apparent danger. *Fielder v. State,* 756 S.W.2d 309, 319–20 (Tex.Crim.App.1988).

■ The State counters that Torres's testimony—that his wife hit him first—did not raise the issue of apparent danger, but of actual danger. If the only theory of self-defense presented by the evidence is an actual attack, it is not error to refuse an instruction on apparent danger. *See Brooks v. State,* 548 S.W.2d 680, 684 (Tex. Crim.App.1977). In this case, however, an actual danger was not the only evidence presented. Mrs. Torres's testimony revealed that she participated in the altercation only verbally. She did not admit to any physical violence on her part. Although it is Torres's burden to produce evidence at trial on apparent danger, *Fleming v. State,* 973 S.W.2d 723, 725

(Tex.App.-Beaumont 1998, no pet.), others' testimony, including that of the victim or complainant, may also help raise the issue of apparent danger. *See, e.g., Courtney v. State*, 908 S.W.2d 48, 52–53 (Tex.App.—Houston [1 st Dist.] 1995, pet. ref'd). Further, in deciding whether to submit a defensive instruction, a court may not review the truth or credibility of the testimony, but rather only whether it raises the issue of a defense. *See Broussard v. State*, 809 S.W.2d 556, 558 (Tex.App.-Dallas 1991, pet. ref'd). Only the trier of fact has the responsibility to accept or reject a properly raised defensive theory. *Fleming*, 973 S.W.2d at 725. In this case, the jury could have believed that while Mrs. Torres did not participate physically in *this* altercation, she had been "out-of-control" and physically assaultive in the past. Consequently, there is sufficient evidence to raise the issue of apparent danger, regardless of the truth or credibility of the evidence. Thus, the trial court erred by failing to submit an instruction on apparent danger in the jury charge.

### B. Jury Charge on Self-defense

▪ The State next argues that the trial court's charge to the jury on self-defense, which generally tracked the language of section 9.31 of the penal code, was sufficient to encompass apparent danger. The jury charge, however, only allowed the jury to consider self-defense if it found that Torres was "under attack or attempted attack." The charge did not contemplate apparent danger. The court of criminal appeals has held:

> [W]here the evidence raises the issue of apparent danger, the court, in instructing the jury on the law of self-defense, should tell it that a person has a right to defend from apparent danger to the same extent as he would had the danger been real, provided he acted upon a reasonable apprehension of danger as it

appeared to him from his standpoint at the time.

*Jones v. State*, 544 S.W.2d 139, 142 (Tex. Crim.App.1976); *see also Courtney*, 908 S.W.2d at 51–52. We can find no case law supporting the State's argument that the standard charge on self-defense encompasses apparent danger. Instead, there are multiple cases where the jury charge included apparent danger and regular self-defense. *See, e.g., Reaves v. State*, 970 S.W.2d 111, 117 (Tex.App.-Dallas 1998, no pet.); *Mata v. State*, 939 S.W.2d 719, 723 (Tex.App.-Waco 1997, no pet.); *Simms v. State*, 905 S.W.2d 720, 726 (Tex.App.-Texarkana 1995, no pet.). We thus reject the State's argument.

### C. Admitting Assault

Next, the State contends that Torres was not entitled to an instruction on self-defense due to apparent danger because he did not admit assaulting his wife. Also, through its cross-point, the State appeals that Torres was not entitled to the self-defense instruction in the jury charge because he did not admit the offense. We address these arguments together.

▪ The State argues that self-defense and self-defense due to apparent danger are justifications for a defendant's actions and necessarily require an admission of the offense. To support its argument, the State cites *Kimbrough v. State*, 959 S.W.2d 634, 640 (Tex.App.—Houston [1 st Dist.] 1995, pet. ref'd) and *MacDonald v. State*, 761 S.W.2d 56, 60 (Tex.App.—Houston [14 th Dist.] 1988, pet. ref'd).[1] The court of criminal appeals has disagreed with such a hard line, holding that not all defenses require the defendant to admit the offense. *Willis v. State*, 790 S.W.2d 307, 314 (Tex. Crim.App.1990). Instead, a defendant can sufficiently admit the conduct alleged and justify a defensive instruction. *See Mar-*

1. In *Kimbrough,* the murder defendant denied pointing his gun at the victim, having his finger on the trigger, and shooting the gun. In *MacDonald,* the defendant was accused of aggravated assault of a police offi-

cer, but denied any physical contact with the police officer. Thus, neither defendant admitted conduct sufficient to raise the issue of self-defense.

716

*tinez v. State,* 775 S.W.2d 645, 647 (Tex. Crim.App.1989)(where murder defendant denied intent to kill, but admitted that he pulled out gun, fired it, and had his finger on the trigger when the fatal shot was fired); *Withers v. State,* 994 S.W.2d 742, 745–746 (Tex.App.—Corpus Christi 1999, pet. filed)(where teacher accused of injury to a child admitted a "physical contest" with a special needs student, but denied intent to injure the child).

In this case, Torres admitted to grabbing his wife by her hair, possibly hitting her in the face when he grabbed the hair at her forehead, struggling with her, and pushing her away. He denied intentionally and knowingly causing bodily injury to her. This case is thus similar to *Holloman v. State,* 948 S.W.2d 349 (Tex.App.-Amarillo 1997, no pet.). In *Holloman,* a husband had been charged with assaulting his wife, but claimed that he acted in self-defense. The husband conceded striking his wife, "tussling" with her, falling on her, and possibly hitting her with his legs after falling. The *Holloman* court found that his testimony sufficiently admitted the conduct alleged, although it was not an outright admission to assault. The court found that although possibly feeble, the evidence entitled the husband to raise the issue of self-defense. *Id.* at 352. We find *Holloman* persuasive, and we hold that Torres sufficiently admitted his conduct to allow him to raise the issues of self-defense and apparent danger. We thus also overrule the State's cross-point.

### D. Error Analysis

██ Lastly, we must consider whether it was harmless error to omit an apparent danger instruction from the jury charge. If the error is calculated to harm the rights of the defendant, reversal is required. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). The actual degree of harm must be addressed in light of the entire jury charge, the state of the evidence, including contested issues and weight of the probative evidence, the argument of counsel, and other relevant infor-

mation revealed by the record. *Id.; Courtney,* 908 S.W.2d at 53.

As previously noted, the jury charge did not contain an instruction on apparent danger. In voir dire, Torres questioned the venire panel on the issue of apparent danger. Much of Torres's testimony discussed his wife's past behavior. He introduced pictures that showed a scratch on his cheek and property damage inflicted by his wife. He requested an apparent danger instruction during his case-in-chief and the charge conference. In closing argument, Torres's attorney commented on Mrs. Torres's temper. He argued that the altercation was the result of "things that had gone on for a long time" and things that Mrs. Torres had done in the past. In sum, the record shows that apparent danger was a contested issue throughout the trial. We hold that Torres was harmed by the failure to include apparent danger in the jury charge.

### CONCLUSION

We have concluded that it was harmful error to omit an instruction on apparent danger from the jury charge. We also conclude that the self-defense instruction given to the jury did not encompass apparent danger. Lastly, we find that Torres sufficiently admitted his conduct in the altercation to allow him to raise the issues of self-defense and apparent danger. Accordingly, we reverse and remand for a new trial.