Affirmed and Memorandum Opinion filed May 20, 2008








Affirmed and Memorandum Opinion filed May 20, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00654-CR

____________

 

TOMMY RAY ARGUIJO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the Criminal
Court at Law No. 9

Harris County, Texas

Trial Court Cause No. 1326140

 



 

M E M O R A N D U M   O P I N I O N

Appellant Tommy Ray Arguijo appeals his conviction for
assault, claiming harmful error in the trial court=s failure to
charge the jury with an instruction for self-defense.  We affirm.

I.  Factual and Procedural Background








On September 5, 2005, Officer Rohling responded to a call
involving assault between appellant and appellant=s girlfriend,
complainant Janet Perez.  Officer Rohling met Perez,  who had a swollen face, a
puffy eye, scratched neck and chest, torn clothing, mussed hair, and Afree-flowing@ blood from her
swollen, cut lip.  Perez explained to him that during a heated argument
appellant struck her three times in the face and pulled her hair.  Officer
Rohling arrested appellant after a minor scuffle.  Officer Rohling testified
that during the scuffle appellant admitted hitting Perez and threatened to do
it again.  Perez gave Officer Rohling a written statement that appellant hit
her three times and pulled her hair.

Appellant was charged with assault, to which he pleaded Anot guilty.@  At trial, the
State introduced Officer Rohling=s testimony and
Perez=s written
statement.  Perez testified in appellant=s defense, stating
that she denied medical treatment that night because she did not sustain any
injuries.  She denied having torn clothing and denied that appellant hit,
slapped, choked her, or pulled her hair.  Perez admitted that, at least three
times, she attempted to hit appellant.  Perez described how appellant tried to
deflect her strikes and grabbed her arms to prevent her from hitting him, which
caused both of them to fall.  Perez admitted calling police, but explained
that, out of anger with appellant, she lied both to Officer Rohling and in the
written statement about how appellant hit her that evening.  

Appellant testified that his argument with Perez escalated
when she attempted to hit him on the chest.  Appellant admitted grabbing Perez
when she attempted to hit him.  Appellant testified that as he grabbed her by
the arms, they both fell and hit a coffee table.  Appellant denied hitting,
slapping, punching, or choking Perez.  Appellant admitted seeing Perez=s torn clothing as
he was arrested, but he did not see blood coming from her lip.  Appellant
testified that if Perez had bruises, she sustained those injuries when they
both fell and hit the coffee table.  Appellant testified that Officer Rohling
beat him during his arrest. Appellant stated that Officer Rohling lied when he
testified that appellant admitted hitting Perez and threatened to harm her
again.








Before the trial court charged the jury, appellant objected
to the jury charge and requested an instruction for self-defense.  The trial
court denied appellant=s request, explaining that appellant
denied striking Perez.  The jury found appellant guilty of assault and assessed
punishment at 365 days= confinement and a fine of $1,500.00.

II.  Issues and Analysis

In two issues, appellant claims both error and harm in the
trial court=s denial of his request for a self-defense instruction
in the jury charge.  A defendant is entitled to an instruction on any properly
requested defensive issue raised by evidence from any source, regardless of
whether the evidence is strong or weak, unimpeached or contradicted, or
credible or not credible.  Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim.
App. 1999); Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). 
When the evidence fails to raise a defensive issue, the trial court commits no
error in refusing a requested instruction.  Muniz, 851 S.W.2d at 254.  A
reviewing court must decide whether the evidence adduced by either party, when
viewed in the light most favorable to appellant, is sufficient to raise the
issue of self-defense.  See Granger, 3 S.W.3d at 38; Lavern v.
State, 48 S.W.3d 356, 360 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d) (en banc). 








A person is justified in using force against another person
when and to the degree the actor reasonably believes the force is immediately
necessary to protect himself against the other=s use or attempted
use of unlawful force.  Tex. Penal Code
Ann. ' 9.31(a) (Vernon 2003).  However, self-defense is not
congruent with one=s denial of the charged conduct.  Ford
v. State, 112 S.W.3d 788, 794 (Tex. App.CHouston [14th
Dist.] 2003, no pet.).  Self-defense is a justification for one=s actions, which
necessarily requires admission that the alleged conduct occurred.  Id.; see
Ex parte Nailor, 149 S.W.3d 125, 133 (Tex. Crim. App. 2004) (involving
accused=s denial of the
charges, which did not entitle accused to self-defense instruction, rather than
admitting the charged elements and offering self-defense as a legal
justification); Young v. State, 991 S.W.2d 835, 839 (Tex. Crim. App.
1999) (requiring an accused to admit he committed offense as alleged before
offering defense of necessity as justification).  To be entitled to an
instruction on self-defense, an accused first must raise the issue of
self-defense by admitting the conduct charged in the indictment and then offer
self-defense evidence as justification for that conduct.  Jackson v. State,
110 S.W.3d 626, 631 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d); see Nailor,
149 S.W.3d at132B33; Young, 991 S.W.2d at 839. 

In the present case, the specific conduct charged was
intentionally or knowingly causing bodily injury to Perez by striking her with
his hand.  See Tex. Penal Code
Ann. ' 22.01(a)(1) (Vernon 2003) (defining Aassault@).  Perez and
appellant both expressly denied that appellant hit Perez.  See Ford,
112 S.W.3d at 794 (denial of conduct is inconsistent with self-defense).  First,
Perez adamantly denied that appellant ever struck her with his hand.  Second,
Perez denied sustaining injuries.  Appellant denied striking Perez and admited
only to grabbing Perez.[1] 
For the evidence to have supported submission of the self-defense instruction,
appellant would have to have admitted to the offense of striking Perez.  See
Ford, 112 S.W.3d at 794.  He did not.








Because appellant expressly denied the only allegedly
assaultive conduct charged, and did not admit to the offense as charged in
order to subsequently offer justification for his conduct, the issue of
self-defense was not raised.  See Nailor, 149 S.W.3d at 133; Ford,
112 S.W.3d at 794.  Viewing the evidence in the light most favorable to appellant,
we conclude appellant was not entitled to the self-defense instruction and,
thus, the trial court did not err in denying appellant=s request for the
self-defense instruction.  See Nailor, 149 S.W.3d at 133; Ford,
112 S.W.3d at 794.  Accordingly, we overrule appellant=s first issue.  We
need not reach the merits of appellant=s second issue, in
which he claims harm from the trial court=s denial of
appellant=s self-defense instruction.  

The trial court=s judgment is affirmed.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 20, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Appellant cites Torres v. State, 7 S.W.3d 712
(Tex. App.CHouston [14th Dist.] 1999, pet. ref=d), for support that grabbing Perez entailed the force
necessary to justify a self-defense charge.  However, the appellant in Torres
admitted using force that more closely tracked the charged offense of striking
by admitting to grabbing, pushing, possibly hitting the complainant, and
struggling with her.  See id. at 714, 716.  In that case, the defendant
did not affirmatively deny the underlying conduct and his admitted conduct
entitled him to a defensive instruction.  See id. at 715B16; see also Hollomon v. State, 948 S.W.2d 349,
352 (Tex. App.CAmarillo 1997, no pet.) (entitling accused to defense
instruction when he conceded striking, tussling, falling on complainant, and
possibly hitting her, which closely tracked the language in the indictment and
indicated participation in the underlying offense even if concession was not an
outright admission).