**Randall Wayne HOLLOMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–96–0267–CR.**

Court of Appeals of Texas,
Amarillo.

June 9, 1997.

David M. Crook, Crook & Jordan, Lubbock, for appellant.

Mark Yarbrough, Lamb County Attorney, Littlefield, for appellee.

Before BOYD, C.J., QUINN, J., and REYNOLDS, Senior Justice.*

QUINN, Justice.

Randall Wayne Holloman, appellant, appeals his conviction for assault and asserts one point of error. Through the latter, he argues that the trial court erred in refusing to instruct the jury on self-defense. We sustain the point and reverse.

### Standard of Review

An accused is entitled to an affirmative instruction on any defensive issue raised by the evidence. *Hamel v. State,* 916 S.W.2d 491, 493 (Tex.Crim.App.1996); *Hutcheson v. State,* 899 S.W.2d 39, 42 (Tex. App.—Amarillo 1995, pet. ref'd). This is true irrespective of whether we or the trial court believe the evidence feeble, strong, unimpeached, contradicted, or incredible. *Id.* However, some evidence must touch upon each element of the defense. *Halbert v. State,* 881 S.W.2d 121, 124 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Thus, appellant is entitled to an instruction on self-defense if there existed evidence of record illustrating that he 1) used force against another, 2) when and to the degree he reasonably believed was immediately necessary to protect himself, and 3) against the other's use or attempted use of unlawful force. *See* TEX. PENAL CODE ANN. § 9.31(a) (Vernon

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. § 75.002(a)(1) (Vernon Supp. 1997).

1994) (declaring these to be the elements of self-defense).

### Application of Standard to Evidence of Record

 Here, appellant testified that he and his then wife, Darielle, became embroiled in an argument.[1] The latter involved his taste for beer. Appellant had purchased a six-pack of same and intended to leave the house to drink it. Before he could, however, Darielle obtained possession of the beverages and began pouring them down the kitchen sink. Appellant then grabbed the beer, and upon gaining possession of it, turned and attempted to leave the house. At that point, his wife picked up a butcher's knife, and appellant feared that he would "get killed."

Darielle had a propensity for violence, according to appellant. He recalled one instance where she struck his 79 year old mother in the face, another where she kicked him repeatedly while wearing boots, another where "she nearly ripped [his] penis off," and another where she hit him over the head with a telephone.[2] So too did he testify that she had tackled him before; indeed, he considered her "an open field runner" who "could tackle Emmitt Smith." And, it was this history which purportedly caused him to fear his wife's violence.

Nevertheless, before using the instrument, Darielle released the knife, "grabbed hold of the back of [his] shirt," and began "flailing" him with her hands. The two "tussled" for approximately ten minutes during which time appellant repeatedly tried to free himself and leave. While fighting, they fell to the ground with appellant landing atop her. Furthermore, when asked if he was "fighting all out" while "physically engaged with her," he answered that he "never fought all out, ever."

Eventually, their young child began to cry. That distracted the two. As Darielle went to care for the baby, appellant made his escape.

From appellant's own testimony, we find some evidence illustrating 1) that Darielle was the first to use force, 2) that the force was directed against appellant, 3) that appellant feared for his safety, 4) that appellant met force with force, 5) that the force appellant utilized was somewhat curbed, 6) that appellant endeavored to escape throughout the incident, and 7) that appellant finally escaped when opportunity arose.[3] In other words, it touched upon each element of self-defense, whether believable or not. Consequently, appellant was entitled to have the court charge the jury on self-defense. Because the court refused to do so, over his timely objection, it erred. And, given that appellant's entire "defensive strategy centered around self-defense," we cannot conclude that the error was harmless.[4] *Halbert v. State*, 881 S.W.2d at 126 (holding that any harm, regardless of degree, was enough to warrant reversal since appellant had objected to the charge).

That appellant may have provoked the encounter, as suggested by the State, does not affect our decision. Some evidence indicates that though he "grabbed" the beers, he also tried to leave the house after doing so. Thereafter, Darielle allegedly curtailed his departure and began the actual physical exchange. Appellant's attempt to leave before physical contact ensued is some evidence of effort to abandon the encounter. *See* TEX. PENAL CODE ANN. § 9.31(b)(4)(A) (stating that one who provokes an encounter cannot claim self-defense unless he "abandons" it or "clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter"); *Halbert v. State*,

---

1. Of course, the version of the facts portrayed by appellant's wife were quite different than those mentioned by appellant. Yet, our duty is to divine whether any evidence supported submission of the requested instruction. We cannot determine which witness or version to believe. That must be left to the trier of fact.

2. Apparently, Darielle was 21 years old and weighed 140 pounds while appellant was 43 years old and weighed 130 pounds.

3. It is well settled that a defendant's testimony alone may be sufficient to warrant submission of self-defense. *Halbert v. State*, 881 S.W.2d 121, 124 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

4. That appellant sought to avoid conviction by claiming self-defense was made known to the jury in voir dire and during his direct examination.

881 S.W.2d at 126 (holding evidence that the accused's attempt to backup was sufficient to create a fact issue regarding abandonment).

■ Nor is it of consequence that appellant never expressly stated that he "hit" his wife while attempting to defend himself. Assuming *arguendo* that one asserting self-defense must first admit the accusations made against him, *see Sanders v. State,* 707 S.W.2d 78, 81 (Tex.Crim.App.1986), we find evidence in the record from which it could reasonably be said that he conceded striking her. It consists of his testifying that they "tussled," that he fell on his wife, that he may have hit her with his legs after falling, and that while "physically engaged" with his wife, he "fought" though "never ... all out." Though possibly feeble, this was enough to satisfy *Sanders* and entitle him to the instruction. *Hamel v. State, supra; Hutcheson v. State, supra.*

■ We also note that the statement in *Sanders* indicating that a defendant must always admit to committing the offense before asserting a defense was later questioned by the Texas Court of Criminal Appeals in *Willis v. State,* 790 S.W.2d 307 (Tex.Crim. App.1990). The *Willis* court "observe[d] that *Sanders'* premise—all defenses require the defendant to admit commission of the offense—is not correct." *Id.* at 314. *See Golden v. State,* 851 S.W.2d 291, 295 (Tex.Crim. App.1993) (acknowledging that *Willis* "disavowed much of that *Sanders* language and determined that in some circumstances a defendant would be entitled to defensive instructions although he had not admitted the crime"). Similarly, an interpretation of *Sanders* (like that put forth by the State here) which demands that the defendant admit to the *particular* physical act alleged in the charging instrument is also questionable. For instance, what if the State accused a defendant "of hitting another with his fists which caused bodily injury" but, in response, the defendant said that he did not "hit" but rather rammed his opponent with his shoulder and then threw him to the ground. It would be nonsensical to prohibit the defendant from claiming self-defense. After all,

he admitted to utilizing "force." *See* TEX. PENAL CODE ANN. § 9.31(a) (stating that a person is justified in using "force" under certain circumstances). Indeed, § 9.31(a) says nothing of admitting to the mode or type of "force" averred in the charging instrument; all that it contemplates is that "force" was used. In other words, if evidence is presented which discloses that the defendant used force in repelling the attack of another, as appellant presented here, there is no legitimate reason why he should be denied the defense simply because he refused to admit to using the type of force alleged by the State.

Accordingly, we reverse the judgment and remand the cause for further proceedings.