NUMBER 13-97-803-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


MARGARET WITHERS , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________



On appeal from the 93rd District Court

of Hidalgo County, Texas.

___________________________________________________________________



O P I N I O N



Before Justices Dorsey, Chavez, and Rodriguez

Opinion by Justice Dorsey


 Appellant Margaret Withers was convicted by a jury of a single count of injury to a child, (1) a felony of the third degree. 
The trial court imposed sentence of thirty days jail time and a fine of $250, with sentence suspended in lieu of six months
community supervision. Withers raises nine issues on appeal, challenging the trial court's failure to include jury
instructions on self-defense, defense of others, and protection of life or health, failure to grant her motion for new trial for
legal and factual insufficiency, jury misconduct, newly discovered evidence, improper admission of evidence, and improper
exclusion of evidence. We reverse and remand for a new trial.

 Withers was employed as a diagnostician for the Donna Independent School District in 1994, a job in which she evaluated
the condition and development of "special education" children suffering from various physical and mental infirmities. Her
duties carried her from school to school in the Donna I.S.D.; A.P. Solis Middle School, in Donna, Texas, was one of a
number of schools in which she worked. Having no classes of her own, she moved freely in and out of special education
classrooms throughout the district monitoring, observing, and evaluating the impaired students.

 Hector Vasquez was twelve years old in 1994 and a sixth grade special education student at Solis. Withers was assigned to
be Hector's diagnostician and had opportunity to interview and observe Hector on a number of occasions. She learned
Hector suffered from cerebral palsy which severely affected his muscular coordination and required him to wear leg braces. 
He was also mentally retarded with a measured I.Q. of 36. Though physically handicapped, Hector enjoyed significant
upper body strength, particularly when emotionally excited. He had difficulty walking for more than short distances
unaided, but was capable of gripping objects firmly.

 Withers was visiting Solis on March 29, 1994, when she heard a disturbance coming from the special education classroom. 
Concerned by the noise, she entered the classroom where she found Angelica Morales, the new special education teacher,
and Nora Rodriguez, a substitute teaching assistant, and a number of students in a chaotic classroom environment. Hector
was engaged in a squabble with fellow student Juan Chavez over a tape player and headphones that Hector was using.
Morales had a reputation for poor classroom control and the class's two other teaching assistants were not present. Withers
saw Hector strike Juan a hard blow with his fist as Juan tried to unplug the headphones Hector was wearing from the tape
player. She attempted to intercede but, because the music Hector was listening to was so loud, she could not get his
attention. As she leaned over to turn off the machine, Hector grabbed her blouse and refused to release her. Withers tried
to pull free but was unable. She also tried to lift Hector away from his chair and maneuver him to a nearby couch.

 Though the facts are disputed, the struggle that followed resulted in Hector, at least briefly, face-down on the floor while
Withers exerted pressure on his back to keep him there while she regained her breath and composure.

 The State contends Withers used excessive force on Hector's neck, shoulders, and back to keep him on the floor and, even
though she had freed herself from Hector's grip, picked Hector up by his ears and moved him to the couch, grabbing him by
his neck and choking him. The confrontation only ended, according to the State, when two teacher's assistants interceded. 
Hector later related to several others, including the school nurse and his mother, that Withers had injured him during the
struggle by pulling his ears, strangling him, and hurting his back and shoulders. Withers denies the State's recitation of
events and denies she ever choked Hector, pulled his ears, or exerted sufficient force to injure him. By her account, when
Hector grabbed her blouse and scarf, he did so in such a manner as to choke her. Owing to her great weight, bad back, and
hypertension, she feared for her own safety when she began to feel pain shooting down her arm, became light-headed, and
heard ringing in her ears. She attempted to release herself by grabbing Hector's wrists, but he tried to bite her and she was
unsuccessful. She managed to move behind Hector's chair so that she could breathe and then attempted to help him to his
feet so that she could get him to the couch to calm him. Hector rose initially, but collapsed in a dangerous position with his
legs stretched out behind him, still clutching her scarf. She fell next to him on the floor, again choking, feeling pain, and
hearing ringing. Fearful for the dangerous position he was in, she employed a technique she had been taught in her special
education training which resulted in Hector rolling face down and releasing her scarf. While she rested and caught her
breath, she exerted a minimal force on his back to keep him still. Afraid he would injure his head on the floor, she and
Morales lifted Hector to a couch where Morales took over and tried to soothe and calm him. Withers left the room to ease
Hector's agitation. She asserted her primary concern was avoiding injury to herself, Hector, and the other children.

 By her first and third issues, Withers challenges the trial court's failure to instruct the jury on the law of self-defense and
defense of a third person, and its failure to grant a new trial on these issues. 

Standard of Review

 When we review a jury charge for error, our first inquiry is whether the alleged error was preserved. If so, any harm,
regardless of the degree, is sufficient to require reversal of the conviction. Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984) (opinion on state's motion for rehearing). Withers properly preserved error.

 A defendant has the burden of producing sufficient evidence at trial to raise the issue of self-defense. Tex. Pen. Code Ann.
§§ 2.01, 9.02, 9.31 (Vernon 1994). If the evidence raises the issue, the defendant is entitled to have this issue submitted to
the jury. Riddle v. State, 888 S.W.2d 1, 6 (Tex. Crim. App. 1994); Hayes v. State, 728 S.W.2d 804, 807 (Tex. Crim. App.
1987); Smith v. State, 676 S.W.2d 584, 586-87 (Tex. Crim. App. 1984). An accused has the right to an instruction on any
defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and
regardless of what the trial court may or may not think about the credibility of the defense. Hamel v. State, 916 S.W.2d
491, 493 (Tex. Crim. App. 1996); Miller v. State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). An instruction is not
required, however, if the evidence, viewed in the light most favorable to the defendant, does not establish a case of
self-defense. Dyson v. State, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984). Also, self-defense is a justification defense. In
order to be entitled to a charge on self-defense, the defendant is essentially required to admit committing the conduct giving
rise to the indictment. Reich-Bacot v. State, 976 S.W.2d 678, 679 (Tex. Crim. App. 1998).

 The State argues Withers never admitted she committed the specific acts alleged in the indictment: pulling Hector's ears,
grabbing him by the neck, or holding him to the floor by pushing against his shoulders. Citing Holloman v. State, 948
S.W.2d 349 (Tex. App.--Amarillo 1997, no pet.). Withers responds that, while she does not admit to using force exactly as
specified in the indictment, she essentially admits the conduct required to raise the self-defense issue. 

 In Holloman, the defendant was convicted for assaulting his wife by hitting her. Holloman engaged in an argument with
his wife regarding his beer consumption. During the debate, Holloman's wife approached him with a butcher knife but,
evidently thinking better of it, dropped the knife, grabbed the back of his shirt and began "'flailing' him with her hands." A
"tussle" ensued lasting approximately ten minutes, and ending when the two became distracted by their crying child. The
court of appeals reversed Holloman's conviction, finding the trial court erred in denying him an instruction on self-defense.

 Justice Quinn, writing for the court, concluded Holloman had sufficiently admitted the conduct alleged to justify the
defensive instruction. The court noted that in Willis v. State, 790 S.W.2d 307, 314 (Tex. Crim. App. 1990), the court of
criminal appeals rejected a proposition set out in Sanders v. State, 707 S.W.2d 78, 81 (Tex. Crim. App. 1986), that a
defendant must always admit to committing the offense before asserting a defense. The Willis Court "observe[d] that
Sanders' premise--all defenses require the defendant to admit commission of the offense--is not correct." Holloman, 948
S.W.2d at 352 (quoting Willis, 790 S.W.2d at 314). Justice Quinn also pointed to Golden v. State, 851 S.W.2d 291 (Tex.
Crim. App. 1993), in which the Court acknowledged Willis "determined that in some circumstances a defendant would be
entitled to defensive instructions although he had not admitted the crime." Holloman, 948 S.W.2d at 352 (quoting Golden,
851 S.W.2d at 295). 

 The Holloman court goes on to state: "It would be nonsensical to prohibit the defendant from claiming self-defense" if he
admitted ramming his opponent with his shoulder rather than striking him with his fist as alleged in the indictment." Id. 
The court concluded that Holloman's admission of the use of force tracks the language of penal code section 9.31(a), stating
that a person is justified in using "force" under certain circumstances. See Tex. Pen. Code Ann. § 9.31(a). 

 In other words, if evidence is presented which discloses that the defendant used force in repelling the attack of another, as
appellant presented here, there is no legitimate reason why he should be denied the defense simply because he refused to
admit to using the type of force alleged by the State.

Holloman, 948 S.W.2d at 352.

 Withers admitted to having engaged in a physical contest with Hector, a young man who, though physically impaired,
possessed significant physical strength; a young man who was also prone to physical outbursts when upset. Their physical
encounter resulted in both of them on the floor in the classroom. She specifically denied the indicted conduct of having
grabbed his neck or pulled his ears. She also denied having pushed him to the floor or applying excessive force to his
shoulder, although she did admit applying force to his back in order to keep him under control on the floor. She expressed
concern not only for herself but for Hector and the other children in the classroom, particularly Juan Chavez, the child
Hector fought with over the headphones.

 Withers was entitled to a jury instruction on self-defense. The evidence recounted above also entitled her to an instruction
on defense of a third person and necessity. Because appellant properly objected to the charge, reversal is required if the
error was calculated to injure the rights of the defendant. Hamel, 916 S.W.2d at 494; Almanza, 686 S.W.2d at 171. 
Considering the nature of the charges against her and the evidence adduced at trial, we cannot but conclude the trial court's
error was calculated to injure her rights. We sustain her first and third issues. 

 By her fourth issue Withers challenges the legal sufficiency of the evidence to support her conviction. Because a legal
sufficiency challenge, if sustained, results in an acquittal rather than a retrial, we will consider this additional issue. See
Clewis v. State, 922 S.W.2d 126, 132 (Tex. Crim. App. 1996).

 In reviewing a legal sufficiency challenge, we view the evidence, and all reasonable inferences raised by that evidence, in
the light most favorable to the verdict, and determine whether a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Patrick v. State, 906
S.W.2d 481, 486 (Tex. Crim. App. 1995); Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991); Sandoval v. State,
946 S.W.2d 472, 476 (Tex. App.--Corpus Christi 1997, pet. ref'd). The standard is the same for both direct and
circumstantial evidence cases. Sutherlin v. State, 682 S.W.2d 546, 548-49 (Tex. Crim. App. 1984); Sandoval, 946 S.W.2d
at 476. The only evidence a reviewing court considers is the evidence that supports the verdict. Clewis, 922 S.W.2d at 132,
n. 10. The fact finder is the sole judge of the credibility of witnesses and the weight accorded their testimony. Torres v.
State, 976 S.W.2d 345, 347 (Tex. App.--Corpus Christi 1998, no pet.). Any inconsistencies in the evidence are resolved in
favor of the verdict. Id.

 In the present case, the elements of the crime alleged in Withers' indictment were that she: (1) intentionally or knowingly
(2) caused bodily injury (3) to a person under fourteen years of age. See Tex. Pen. Code Ann. § 22.04(a)(3) (Vernon 1994).
Injury to a child is a result oriented crime. Beggs v. State, 597 S.W.2d 375, 377 (Tex. Crim. App. 1980). The State was
required to put on some evidence that Withers either acted with the intent to cause bodily injury to Hector or knew that her
actions were reasonably certain to cause him injury. Id. Proof of a culpable mental state generally exists in circumstantial
evidence. Gardner v. State, 736 S.W.2d 179, 182 (Tex. App.--Dallas 1987), aff'd, 780 S.W.2d 259 (Tex. Crim. App.
1989). Thus, proof of knowledge is an inference drawn by the trier of fact from all the circumstances. Dillon v. State, 574
S.W.2d 92, 94 (Tex. Crim. App. 1978); Cantu v. State, 944 S.W.2d 669, 670 (Tex. App.--Corpus Christi 1997, pet. ref'd). 
A jury can infer knowledge or intent from the acts, conduct, and remarks of the accused and from the surrounding
circumstances. Menchaca v. State, 901 S.W.2d 640, 652 (Tex. App.--El Paso 1995, pet. ref'd); Ortiz v. State, 930 S.W.2d
849, 852 (Tex. App.--Tyler 1996, no pet.).

 Hector recounted the pain caused him by Withers lifting him by his ears. His recollection was corroborated by two
classmates who witnessed the event: Nancy Vasquez and Diana Cerda. Vasquez and Cerda related the incident to teaching
assistant Elizabeth Saenz immediately after it occurred; Saenz testified regarding the girls' statements. The school nurse,
Hector's mother, and substitute teaching assistant Nora Rodriguez each recounted noticing the redness of Hector's ears
following the event. Hector complained of the pain to the nurse and his mother.

 We hold the evidence was legally sufficient to support the verdict and the judgment. Issue four is overruled.

 Because our resolution of these issues is dispositive of the appeal, we need not address Withers' remaining issues. Tex. R.
App. P. 47.1. We REVERSE the judgment and REMAND for a new trial.



______________________________

J. BONNER DORSEY,

Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 6th day of May, 1999.

1. Tex. Pen. Code Ann. § 22.04(a) (Vernon 1994).