MICHELE ALLEE MORRIS V. TEXAS

NO. 07-99-0498-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 25, 2000

______________________________

MICHELE ALLEE MORRIS,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF RANDALL COUNTY;

NO. 9380-A; HON. DAVID L. GLEASON, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Michele Allee Morris, appellant, appeals her murder conviction.  She presents two points of error.  The first involves the legal and factual sufficiency of the evidence while the second concerns the trial court’s refusal to charge the jury on the lesser included offense of manslaughter and on self-defense.  We affirm.  

Background

Appellant was indicted for the murder of Danny Morris (Morris), her husband.  Morris was twenty-four years old and appellant was nineteen.  They had only been married for a couple of months prior to the death of Morris.  They married while Morris was on parole.  A short time after they married, he went back to prison and was released again on March 17, 1995, approximately a month before his death.  During the few months they were married, the couple argued constantly.  At one point, Morris injured appellant during a beating he gave her.

On April 16, 1995, appellant and Morris visited the home of Trent Rosser (Rosser).  While there they drank beer and played games on the internet.  Sometime during their stay an argument arose between appellant and Morris.  At the end of that night, Morris died of a stab wound.

Point One – Sufficiency of the Evidence

In her first point of error, appellant alleges that the jury’s verdict lacks legally and factually sufficient evidentiary support.  We disagree and overrule the point.

S
tandard of Review

The standard of review applicable to claims of legal and factual sufficiency are well-settled and do not bear repeating.  It is sufficient to cite the parties to 
Johnson v. State
, 23 S.W.3d 1,7 (Tex.Crim.App.2000) and 
King v. State
, 895 S.W.2d 701 (Tex.Crim.App.1995) for an explanation of same.

 Application of Standard

Evidence exists from which the following could reasonably be found or inferred: 1) appellant and Morris had argued throughout the evening before the stabbing occurred; 2) appellant and Morris were the only ones present in the house when Morris was stabbed to the left of mid-chest with a sharp object which pierced his lung and heart; 3) approximately one half hour passed before appellant informed a neighbor of the stabbing and asked that neighbor to call the police; 4) the direction of the entry wound indicated that someone who was right-handed committed the stabbing; 5) Morris was left-handed while appellant is right-handed; 6) according to the forensic pathologist, the force used to create the wound, the direction of the wound, the appearance of cutting, and the absence of hesitation marks on Morris’s body were consistent with a homicide as opposed to a suicide; 7) according to the pathologist, the wound could have been inflicted by someone of appellant’s size; 8) according to the pathologist, the wound was consistent with what would appear as the result of a blow from someone standing in front of the victim and striking with an arcing motion (as opposed to one trying to stab himself); 9) sometime prior to the stabbing, Morris told appellant that he was going to leave her; 10) at Morris’s funeral, appellant informed his aunt that appellant loved Morris “‘too much’” and that if she “‘can’t have him, nobody else can;’” and 11) appellant was familiar with knives.  From this, a jury could conclude, beyond reasonable doubt, that appellant intentionally or knowingly caused the death of her husband.  
See 
Tex. Pen. Code Ann
.
 § 19.02 (Vernon Supp. 2000) (defining murder).  Accordingly, the verdict is supported by legally sufficient evidence.  

Admittedly, the evidence was not free of contradiction.  For instance, appellant denied stabbing her husband.  Instead, she declared, through a prior statement, that he stabbed himself while intending to commit suicide.  She also stated that she called her mother, who had a medical background, for help with regard to reviving the victim.  And, while the pathologist opined that the wound was indicative of homicide, he could not exclude the possibility of suicide.  So too did appellant contradict the testimony indicating that Morris was leaving her.  Rather, she claimed to have thought about divorce.  Yet, we cannot say that these circumstances and the other evidence of record rendered the verdict clearly erroneous or manifestly unjust.  They created issues of fact for the jury to decide.  And, the decision ultimately reached does not lack factually sufficient support.    

Point Two – Jury Instructions

Next, appellant contends that the trial court erred in failing to include in the jury charge instructions regarding 1) the lesser included offense of manslaughter and 2) self-defense.  We disagree and overrule the point. 

Manslaughter

To be entitled to an instruction on a lesser included offense, someone must present evidence illustrating that the appellant only committed the lesser offense.
(footnote: 1)  
Bignall v. State
, 887 S.W.2d 21, 24 (Tex.Crim.App.1994)
.
  Simply denying the commission of the greater crime does not satisfy this requirement.  
Gilchrest v. State
, 904 S.W.2d 935, 940 (Tex. App.–Amarillo 1995, no pet.).  Furthermore, the pertinent conduct and 
mens rea
 is that existent at the time of the act.  
 Id.

At bar, appellant alluded to evidence that purportedly entitled her to a charge on manslaughter.  But, in doing so, she neglected to explain how that evidence achieved its goal.  Nor do we see how it did.  Indeed, the evidence appellant characterizes (in her brief) as a struggle between the two over a knife was actually evidence of her effort to stop Morris from killing himself.   And, in endeavoring to purportedly stop the death of her husband, she could hardly be considered as intending to recklessly cause that very same death (as is required for manslaughter).  
Tex. Pen. Code Ann.
 §19.04 (Vernon Supp. 2000).  Nor can we ignore appellant’s statement that she did not strike or stab Morris.  In so alleging, she is effectively denying commission of not only the greater but also the lesser offense.  Simply put, if she did not stab him, she did not do so with either an intentional 
mens rea
 or a reckless one.   

Again, entitlement to a charge on a lesser included offense does not arise from merely denying commission of any offense.  
Gilchrest v. State
, 
supra
.   That, in effect, is what appellant did here.

Self-Defense

Next, for one to be entitled to an instruction on self-defense, some evidence must appear of record touching upon each element of the defense.  
Holloman v. State
, 948 S.W.2d 349, 350 )(Tex. App.--Amarillo 1997, no pet.).  Thus, appellant is entitled to an instruction on self-defense if there existed evidence of record illustrating that she 1) used force against another, 2) when and to the degree she reasonably believed was immediately necessary to protect herself, and 3) against the other’s use or attempted use of unlawful force.  
See
 
Tex. Pen. code Ann
. § 9.31(a) (Vernon Supp. 2000) (declaring these to be the elements of self-defense).  And, when deadly force is used, such as that here, evidence must also exist illustrating that a reasonable person in the actor’s situation would not have retreated.  
Id.
 at  § 9.32(a) & (b). Yet, as previously mentioned, appellant testified that the victim committed suicide.  And, while evidence exists intimating that appelland used force against Morris at the time of the stabbing, the force purportedly was used to stop him from killing himself, not her.  Indeed, there is no evidence of record indicating that Morris was either threatening or attempting to harm appellant when the stabbing occurred.  Nor does appellant cite us to any evidence indicating that a reasonable person in appellant’s situation would not have or could not have retreated.  Moreover, our own review of the record failed to uncover any such evidence.  Given this, we cannot hold that the trial court erred in refusing to instruct the jury on self-defense.

Accordingly, the judgment is affirmed

Brian Quinn

   Justice

Do not publish.

FOOTNOTES
1:
1
 By this we mean that evidence must be admitted which supports the appellant’s contention.  It is not enough to simply rely on the State’s failure to prove each element.  Thus, an appellant may be entitled to the charge by presenting evidence which negates the element present in the greater but absent in the lesser offense.