NUMBER 13-01-227-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI
-EDINBURG


 


ARMANDO VILLARREAL ARISPE JR. Appellant,


v.



THE STATE OF TEXAS , Appellee.

 


On appeal from the 93rd District Court 


of Hidalgo County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Castillo
 Opinion by Chief Justice Rogelio Valdez


 Appellant, Armando Arispe, Jr., was indicted for the murder of Arnulfo Garcia,
Jr. A jury found Arispe guilty and sentenced him to thirty years imprisonment in the
Institutional Division of the Texas Department of Criminal Justice. See Tex. Pen. Code
Ann. §19.02(b)(1) (Vernon 1994). Arispe attacks this conviction by fifteen points of
error. We affirm. 

Background


 On May 14, 2000, appellant and a friend were "cruising" and drove by Arnulfo
Garcia, Jr.'s house where a family gathering was in progress. According to appellant,
Garcia gave him an angry look and asked him "what was happening." Appellant left
his vehicle and approached Garcia on foot. Appellant argued with Garcia and struck
him in the face knocking him to the ground. The two men began fighting. 

 Dune Garcia, Arnulfo's brother, approached appellant and Garcia and attempted
to separate the men. Although Dune was carrying a wooden board in his hands, the
evidence suggests that he did not use the board to hit either combatant. 

 At one point during the fight, Garcia restrained appellant by holding him around
the neck and forced him to assume a kneeling position. Appellant testified that he
could not breathe and was afraid for his life, so he took out his knife and stabbed
Garcia repeatedly. Garcia released him, and appellant left the scene. Garcia died as
a result of the wounds he received. At trial, appellant admitted that he stabbed
Garcia, but claimed that he did so in self-defense because he feared for his life.

Legal and Factual Sufficiency of the Evidence 


 In his first, second, and third issues, appellant attacks the legal and factual
sufficiency of the evidence to prove that "Armando Villarreal Arispe, Jr." committed
the offense, and argues that the trial court erred in failing to grant a directed verdict
on this basis. In the instant case, the indictment provided that the offense was
committed by "Armando Villarreal Arispe, Jr.," and the jury charge required a finding
that "Armando Villarreal Arispe, Jr." committed the offense. Appellant essentially
argues that the State failed to prove that Villarreal was his middle name, and the
evidence adduced at trial instead showed that he was known as Armando Arispe or
Ronald Arispe. 

 The record fails to support appellant's argument. Appellant was identified as
Armando Villarreal Arispe, Jr. through his own testimony at a pre-trial hearing, when
the indictment was read at trial, and when he was introduced to the jury panel during
voir dire. Appellant failed to object or except to this version of his name on any
occasion. 

 The Texas Code of Criminal Procedure states that when a defendant is
arraigned, his name, as stated in the indictment, will be called and unless the
defendant objects, "it shall be taken that his name is truly set forth, and he shall not
thereafter be allowed to deny the same by way of defense." Tex. Crim. Proc. Code
Ann. art. 26.07 (Vernon 1989). Given that appellant failed to object at trial to the
reading of the indictment, we conclude that this issue has not been preserved for our
review. Tex. R. App. P. 33.1(a). 

 Moreover, given that appellant admitted to stabbing Garcia during the trial, we
conclude that the evidence is legally and factually sufficient to prove the identity of the
appellant as Armando Villarreal Arispe, Jr. Accordingly, we overrule appellant's first
and third points of error. 

 Appellant's second point of error claims the trial court erred in denying his
motion for instructed verdict because no witness identified the defendant on trial as
Armando Villarreal Arispe, Jr. A challenge to the ruling on a motion for instructed
verdict is a legal sufficiency challenge. See Madden v. State, 799 S.W.2d 683, 686
(Tex. Crim. App. 1990). As stated previously, the evidence is legally sufficient to
support the identity of the defendant as the person who committed the crime. The
trial court properly denied the instructed verdict. See Jones v. State, 504 S.W.2d
442, 443-44 (Tex. Crim. App. 1974). We overrule appellant's second point of error. 

Reasonable Doubt In his fourth issue, appellant argues the trial court erred in submitting a jury
instruction including the Geesa definition of reasonable doubt. See Geesa v. State,
820 S.W.2d 154, 165 (Tex. Crim. App. 1991), overruled by Paulson v. State, 28
S.W.3d 570, 573 (Tex. Crim. App. 2000). The definition of reasonable doubt
articulated in Geesa states that reasonable doubt is "a doubt based on reason and
common sense after a careful and impartial consideration of all the evidence in the
case." See Geesa, 820 S.W.2d at 165. Proof beyond a reasonable doubt must be
proof "of such a convincing character that you would be willing to rely and act upon
it without hesitation in the most important of your own affairs." Id. 

 The Texas Court of Criminal Appeals expressly overruled Geesa and disapproved
this definition in Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000). According
to Paulson, "the better practice is to give no definition of reasonable doubt at all to the
jury." Id. at 573. However, if both the State and the defense were to agree to give
the Geesa instruction to the jury, "it would not constitute reversible error for the trial
court to acquiesce in their agreement." Id.; cf. Colbert v. State, 56 S.W.3d 857, 860
(Tex. App.-Corpus Christi 2001, pet. granted) ("If the State and defendant do not
agree to the Geesa instruction, it constitutes reversible error for the trial court to
submit the definitional instruction.").

 In the instant case, the record reveals that appellant requested the Geesa
instruction over the State's objection. Although after hearing the arguments of the
parties, the trial court indicated that he would not give the instruction, the trial court
nevertheless provided the Geesa instruction to the jury. Neither the State nor the
appellant objected to the instruction.

 Inclusion of the Geesa instruction does not mean that the jury's verdict is
erroneous as a matter of law. Dooley v. State, 65 S.W.3d 840, 844 (Tex.
App.-Dallas 2002, pet. ref'd) (noting that Paulson does not hold that inclusion of the
instruction constitutes reversible error). Moreover, having requested the trial court to
include the Geesa instruction in the charge, appellant cannot now complain on appeal
that the instruction was improper. Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim.
App. 1999) (discussing invited error doctrine); see Rodriguez v. State, No. 03-01-00573-CR, 2002 Tex. App. LEXIS 5418, *16 (Austin July 26, 2002, pet. ref'd) ("lack
of reversible error may well turn on the appealing party's agreement to submit the
Geesa definition constituting a waiver of any complaint on appeal"). Accordingly, we
overrule appellant's fourth issue. 

Self-Defense


 In appellant's fifth issue, he argues that the trial court committed reversible error
in failing to "initially" grant a jury instruction on self-defense. According to appellant,
although he did in fact receive the requested instruction on self-defense, he was
"forced" to testify, with the resulting harm being that his prior convictions "were
insinuated to in front of the jury." 

 An accused has the right to an instruction on any defensive issue raised by the
evidence, whether that evidence is weak or strong, unimpeached or contradicted, and
regardless of what the trial court may or may not think about the credibility of the
defense. See Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). 

 A person is justified in using force against another when and to the degree he
reasonably believes the force is immediately necessary to protect himself against the
other's use or attempted use of unlawful force. Tex. Pen. Code Ann. § 19.31 (Vernon
Supp. 2002); see Holloman v. State, 948 S.W.2d 349, 350-51 (Tex. App.-Amarillo
1997, no pet.). A person is justified in using deadly force against another if (1) he
would be justified in using deadly force against the other as set out above; (2) he
reasonably believes such deadly force is immediately necessary to protect himself
against the other's use or attempted use of unlawful deadly force; and (3) a reasonable
person in his situation would not have retreated. Tex. Pen. Code Ann. § 19.32(a)
(Vernon Supp. 2002). Furthermore, to be entitled to an instruction on self-defense,
an appellant is required first to admit the conduct charged in the indictment, and then
to offer evidence justifying the conduct. Anderson v. State, 11 S.W.3d 369, 372
(Tex. App.-Houston [1st Dist.] 2000, pet. ref'd); see Young v. State, 991 S.W.2d
835, 839 (Tex. Crim. App. 1999). 

 When the trial court initially denied the requested instruction, appellant had not
presented any evidence admitting the conduct charged or justifying his use of a deadly
weapon. Thus, the trial court did not err in initially refusing appellant's request for a
self-defense instruction in the charge. Holloman, 948 S.W.2d at 350-51; Anderson,
11 S.W.3d at 372. Moreover, it was not error for the court to refuse to instruct the
jury on self-defense where the state of the evidence at the time suggested that the
appellant initiated the altercation. See Lockhart v. State, 847 S.W.2d 568, 574-75
(Tex. Crim. App. 1992). Accordingly, we overrule appellant's fifth point of error. 

Manslaughter


 In his sixth issue, appellant contends the trial court erred by not granting a jury
instruction on the lesser included offense of manslaughter. In determining whether a
trial court erred in failing to give a charge on a lesser included offense, an appellate
court reviews all evidence presented at trial. Rousseau v. State, 855 S.W.2d 666,
672 (Tex. Crim. App. 1993). A defendant is entitled to an instruction on a lesser
included offense where the proof for the offense charged includes the proof necessary
to establish the lesser included offense and there is some evidence in the record that
would permit a jury rationally to find that if the defendant is guilty, he is guilty only of
the lesser included offense. Forest v. State, 989 S.W.2d 365, 367 (Tex. Crim. App.
1999); see also Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994);
Rousseau, 855 S.W.2d at 672-75. 

 The first prong of this test is satisfied herein because the proof for murder
includes the proof necessary to establish the lesser included offense of manslaughter. 
See Lugo v. State, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984); Johnson v. State,
915 S.W.2d 653, 657 (Tex. App.-Houston [14th Dist.] 1996, pet. ref'd). We next
examine whether the second prong of the test is satisfied, that is, whether there is
some evidence that would permit a rational jury to find that appellant was guilty only
of the manslaughter, that is, that appellant recklessly caused the death of the victim. 
See Tex. Pen. Code Ann. § 19.04 (Vernon Supp. 2003); Rousseau, 855 S.W.2d at
672. 

 There are two ways the evidence may indicate a defendant is guilty only of a
lesser offense. Saunders v. State, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992). 
First, there may be evidence that negates or refutes other evidence establishing the
greater offense. Id. Second, the evidence presented may be subject to two different
interpretations. Id. Anything more than a scintilla of evidence is sufficient to entitle
a defendant to a lesser charge. Bignall, 887 S.W.2d at 23. In other words, the
evidence must establish the lesser included offense as a "valid, rational alternative to
the charged offense." Forest, 989 S.W.2d at 367. 

 In the instant case, appellant testified that he did not intend to kill Garcia. 
However, in determining whether there is evidence to support a charge on
recklessness, a statement that a defendant did not intend to kill the victim "cannot be
plucked out of the record and examined in a vacuum." Godsey v. State, 719 S.W.2d
578, 584 (Tex. Crim. App. 1986); Martinez v. State, 16 S.W.3d 845, 847 (Tex.
App.-Houston [1st Dist.] 2000, pet. ref'd). Appellant further testified that he acted
in self-defense; however, one cannot act accidentally or recklessly in self-defense. 
Martinez, 16 S.W.3d at 848; see Johnson, 915 S.W.2d at 659; Avila v. State, 954
S.W.2d 830, 843 (Tex. App.-El Paso 1997, pet. ref'd) (defendant's testimony that
he acted in self-defense precluded an instruction on manslaughter by acting recklessly). 
Appellant's own testimony that he acted in self defense precludes an instruction on
manslaughter. Thus, the trial court did not err in refusing appellant's requested
instruction on manslaughter. We overrule appellant's sixth point of error. 

Autopsy Photographs

 In his seventh issue, appellant contends the trial court erred in admitting overly
prejudicial autopsy photographs. (1) The exhibits at issue are State's exhibits 58, 60,
61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 73, 77, and 78. These are photographs
of the decedent's body taken during the autopsy which were introduced into evidence
in conjunction with the testimony of the medical examiner. Some photographs depict
the external knife wounds on the decedent's torso, and some depict internal views of
the victim's chest, brain, and organs.

 The admission of autopsy photographs is within the sound discretion of the trial
court. See Sonnier v. State, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). It is
within the trial court's discretion to admit photographs, and its decision will be
reversed only if it was "outside the zone of reasonable disagreement." Narvaiz v.
State, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992). 

 Appellant objected to many of the photographs on grounds that they were
irrelevant. A photograph is relevant if it has any tendency to make the existence of
any fact that is of consequence to the determination of the action more probable or
less probable than it would be without the evidence. Tex. R. Evid. 401. The trial court
acted within his discretion when he determined that the evidence was relevant to
material issues in the case. The photographs were relevant to show the injuries that
were sustained and the cause of death. See Wyatt v. State, 23 S.W.3d 18, 29 (Tex.
Crim. App. 2000); Ladner v. State, 868 S.W.2d 417, 426 (Tex. App.-Tyler 1993,
pet. ref'd) (autopsy or post-autopsy photographs can be used to illustrate injuries and
to reveal the cause of death). 

 Appellant further objected to some of the photographs on grounds that their
probative value was outweighed by their prejudicial effect. Autopsy photographs are
generally admissible unless they depict mutilation of the victim caused by the autopsy
itself. Rojas v. State, 986 S.W.2d 241, 249 (Tex. Crim. App. 1998); Santellan v.
State, 939 S.W.2d 155, 172 (Tex. Crim. App. 1997). As long as the post-autopsy
photograph aids the jury in understanding the injury and does not emphasize mutilation
caused by the autopsy, the photograph is admissible. Todd v. State, 911 S.W.2d
807, 819 (Tex. App.-El Paso 1995, no pet.). 

 To determine whether the danger of unfair prejudice substantially outweighs the
probative value of photographs, we consider a number of factors, including the number
of exhibits offered, their gruesomeness, their detail, their size, whether they are black
and white or color, whether they are close-up shots, whether the body is naked or
clothed, the availability of other means of proof, and other circumstances unique to the
individual case. Wyatt, 23 S.W.3d at 29; Chamberlain v. State, 998 S.W.2d 230,
237 (Tex. Crim. App. 1999); Santellan, 939 S.W.2d at 172. Even if the photographs
are gruesome, that fact alone does not render them more prejudicial than probative. 
See Shavers v. State, 881 S.W.2d 67, 77 (Tex. App.-Dallas 1994, no pet.). In this case, the trial court admitted sixteen color photographs that are four by
six inches in size. The photographs are gruesome and depict the victim's naked body,
the location and size of the external knife wounds, the exposed brain, other exposed
organs, and the victim's open chest cavity. The photographs were used at trial in
conjunction with the medical examiner's testimony to show the victim's wounds,
illustrate the cause of death, and exclude any potential causes of death other than the
injuries inflicted by appellant. See Izaguirre v. State, 695 S.W.2d 224, 226 (Tex.
App.-Corpus Christi 1985, no pet.). Similar post-autopsy photographs have been held
admissible for the purpose of aiding the jury in understanding the victim's injuries and
cause of death. See, e.g., Drew v. State, 76 S.W.3d 436, 453 n.4 (Tex.
App.-Houston [14th Dist.] 2002, pet. ref'd) (discussing cases allowing admission of
post-autopsy photographs). 

 We determine that the trial court did not err in finding that the probative value
of the photographs outweighed the danger of unfair prejudice. See Santellan, 939
S.W.2d at 179; Burdine v. State, 719 S.W.2d 309, 316 (Tex. Crim. App. 1986). 
Although we agree with appellant that some of the photographs may be repetitive or
duplicative, we conclude that the trial court's decision to admit the photographs was
not outside the zone of reasonable disagreement. See Narvaiz, 840 S.W.2d at 429.
Moreover, even if the trial court had erred in admitting any of the photographs, a
conviction will not be reversed "merely because the jury was exposed to numerous
admittedly gruesome pictures." Drew, 76 S.W.3d at 453 (quoting Long v. State, 823
S.W.2d 259, 272 (Tex. Crim. App. 1991)). After examining the record, we conclude
the admission of the photographs did not affect appellant's substantial rights. Id.; see
Tex. R. App. P. 44.2(b). Appellant's seventh issue is overruled.

Improper Argument
 Appellant's eighth point of error asserts the trial court erred in allowing the State
to call him an "animal" on two occasions during closing arguments. Appellant's
attorney objected following both instances, but the trial judge overruled the objections.

Permissible jury argument must fall within one of the following four areas: (1)
summation of the evidence; (2) reasonable deductions from the evidence; (3) answers
to opposing counsel's argument; or (4) a plea for law enforcement. Wesbrook v.
State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); Cantu v. State, 939 S.W.2d
627, 633 (Tex. Crim. App. 1997). 

 The reviewing court must examine the alleged instances of improper argument
in light of the facts adduced at trial and in the context of the entire argument. See
McGee v. State, 774 S.W.2d 229, 239 (Tex. Crim. App. 1989). Whether an
argument will constitute reversible error must be decided on an ad hoc basis. State
v. Tompkins, 774 S.W.2d 195, 217 (Tex. Crim. App. 1987). Even if an argument is
improper, it will not constitute grounds for reversal unless, in the light of the record
as a whole, the argument is extreme or manifestly improper, violative of a mandatory
statute, or injects new facts, harmful to the accused, into the trial. See Felder v.
State, 848 S.W.2d 85, 95 (Tex. Crim. App. 1992); McGee, 774 S.W.2d at 238. In
determining whether improper jury argument is harmful, we look to three factors: (1)
the severity of the misconduct; (2) measures adopted to cure the misconduct; and (3)
the certainty of conviction absent the misconduct. Mosley v. State, 983 S.W.2d 249,
259 (Tex. Crim. App. 1998).

 We conclude that, although the prosecutor's characterization of appellant as an
"animal" was improper, it was not so extreme or harmful as to warrant a reversal of
appellant's conviction. The prosecutor's improper references were brief and the
instances were limited in number. Moreover, we note that similar epithets were utilized
during trial by the appellant, who testified that the victim was known as the
"Monster." Further, based on the facts of the instant crime and appellant's criminal
history, the trial court may have concluded that the comments were supported by the
record. See, e.g., Broussard v. State, 910 S.W.2d 952, 959 (Tex. Crim. App. 1995)
(facts supported characterization of defendant as a "volcano"); Burns v. State, 556
S.W.2d 270, 280-81 (Tex. Crim. App. 1977) (use of term "animal" to describe
defendant held not error); Belton v. State, 900 S.W.2d 886, 898 (Tex. App.-El Paso
1995, pet. ref'd) (facts supported characterization of defendant as "animal"). 

 Appellant's eighth issue is overruled. Jurors

 Appellant's ninth and twelfth issues relate to the trial's courts handling of the
jury. In his ninth issue, appellant argues that the trial court committed reversible error
in failing to excuse a disabled juror. During trial, a juror approached the bailiff and told
him that she was feeling "stressed out." Following a conference in chambers, the
court questioned the juror as follows:

 Court: . . . I believe you told my bailiff earlier that you were feeling
a little bit stressed out or nervous.


 Juror: Yes, very anxious, very nervous. And I suffer from anxiety
and I'm taking medication for anxiety and I can't rest. I
have been taking it a lot.


 Court: Let me ask you this, first of all: The anxiety you feel, the
anxiety attack, whatever they might be, did these start just
right now or have you been taking medication for this in the
past? 


 Juror: No, no, I didn't start right now. They were there.


 Court: You had this medical condition before?


 Juror: Yes, sir. . . But with this it has been increasing, let's say.


 Court: It increased because of the case? Is that what you're telling
me?


 Juror: Maybe the stress.


 * * *


 Court: Has it - do you think you can continue on this case?


 Juror: I don't know. I'm not sure.


 Court: Do you think that your illness has reached a point that you
cannot continue?


 Juror: I cannot tell you that right now.


 * * *


 Court: Can you continue to be fair and impartial and can you
continue to serve on the jury or if it were possible, would
you rather not serve?


 Juror: I would rather not serve because if I'm not going to be
partial, if I'm not going to be fair because I get all nervous
and everything, I don't want to be a part of it. Do you
understand what I mean? I want to be fair and impartial
and if I am all nervous, how can I be that? I don't know. 
It is - you're the Judge.


Counsel for the State and counsel for the appellant refused the opportunity to further
question the juror. After an extended consultation with counsel, the trial court
concluded that the juror had not manifested an inability or incapacity that rose to a
level requiring disqualification. 

 No less than twelve jurors can render and return a verdict in a felony case. Tex.
Crim. Proc. Code Ann. art. 36.29 (Vernon Supp. 2002). However, after the trial
begins and a juror dies or, as determined by the judge, becomes disabled from sitting
at any time before the charge of the court is read to the jury, the remainder of the jury
shall have the power to render the verdict. Id. The determination regarding whether
a juror is disabled is within the discretion of the trial court, and absent an abuse of that
discretion, no reversible error will be found. Brooks v. State, 990 S.W.2d 278, 286
(Tex. Crim. App. 1999). However, the exercise of the trial court's discretion is limited
to situations where there exists some physical illness, mental condition, or emotional
state which hinders one's ability to perform one's duties as a juror. Landrum v. State,
788 S.W.2d 577, 579 (Tex. Crim. App. 1990).

 In the instant case, appellant declined the opportunity to question the juror, and
the trial court made detailed comments on the record regarding his analysis of the
juror's condition and ability to proceed. We conclude that the trial court was in the
best position to evaluate the juror's mental condition and emotional state, and find that
the trial court acted within its discretion in failing to excuse the juror. See Bass v.
State, 622 S.W.2d 101, 106-07 (Tex. Crim. App. 1981). Appellant's ninth issue is
overruled. 

 In his twelfth issue, appellant contends that the trial court committed reversible
error in allowing the jury to separate. During the punishment phase of the trial but
before the jury was charged as to punishment, the trial court dismissed the jury and
allowed them to separate for lunch. 

 Under article 35.23 of the code of criminal procedure, the court may permit the
jurors to separate until the court has given its charge to the jury. Tex. Crim. Proc.
Code Ann. § 35.23 (Vernon Supp. 2002). After the charge has been given, the court
may, on its own motion, or shall on the motion of either party, order that the jury not
be allowed to separate "until a verdict has been rendered or the jury finally
discharged." Id. Citing cases construing the pre-1989 version of this article, appellant
argues that we are required to reverse the verdict because he did not consent to the
separation. See, e.g., McDonald v. State, 597 S.W.2d 365, 367 (Tex. Crim. App.
1980). However, the applicable version of the statute does not require consent. Tex.
Crim. Proc. Code Ann. § 35.23 (Vernon Supp. 2002); see Rojas v. State, 986 S.W.2d
241, 248 (Tex. Crim. App. 1998). In the instant case, where the separation occurred
after the guilty phase and before deliberations began on the punishment phase, the
court acted within its discretion to allow the jurors to separate. See Rojas, 986
S.W.2d at 248. We overrule appellant's twelfth issue.

Victim's Criminal Record


 In appellant's tenth issue, he contends that the trial court erred in not allowing
the discovery of the deceased's criminal record. According to appellant, the
defendant's state of mind is relevant when self-defense is an issue and the appellant
is then permitted to show the decedent's reputation for violence about which he
knows or has been informed by others. See Brown v. State, 477 S.W.2d 617, 621
(Tex. Crim. App. 1972); Mahaffey v. State, 471 S.W.2d 801, 808-09 (Tex. Crim.
App. 1971). Appellant argues that he could have utilized the decedent's criminal
record to "buttress" his position that he acted in self defense because of the victim's
propensity for violence, to question the jury panel about gang membership, and to
impeach the mother of the victim who testified that her son was a "good boy." 
Appellant does not raise any due process concerns, or other issues, or provide any
other argument or authorities regarding discovery of the decedent's criminal record. 
Appellant has made no showing that the State possessed any information regarding
the decedent's alleged criminal record or any records pertaining to the victim's alleged
criminal history.

 Appellant admits that he does not know if the decedent actually possessed a
criminal record. Appellant therefore cannot argue that the decedent's alleged criminal
record affected his state of mind during his confrontation with the decedent.

 Based on the testimony regarding the altercation between appellant and the
decedent, it is not reasonable to assume that the fight and the victim's death were the
result of the decedent's propensity for violence. Rather, the evidence at trial showed
that appellant drove to the decedent's house, got out of his vehicle and approached
the decedent, and struck the first blow. Moreover, appellant was armed with a deadly
weapon. Appellant admitted stabbing the decedent. Accordingly, any such criminal
history, if it existed, was not material and could not create a reasonable probability
sufficient to affect the outcome of the appellant's trial. See Rodriguez v. State, 513
S.W.2d 22, 27 (Tex. Crim. App. 1974) (prosecution must disclose criminal records of
witnesses if defendant establishes good cause, materiality, and possession by State);
Medina v. State, 986 S.W.2d 733, 736 (Tex. App.-Amarillo 1999, pet. ref'd) (same). 
We overrule appellant's tenth point of error.Ineffective Assistance of Counsel

 In his eleventh issue, appellant argues that he received ineffective assistance of
counsel because counsel failed to object to the jury's instruction on provoking the
difficulty. A person who would otherwise be entitled to act in self-defense forfeits the
right to defend himself if he provoked the other's use or attempted use of unlawful
force. Tex. Pen. Code. Ann. § 9.31(b)(4) (Vernon Supp. 2002). A charge on
provoking the difficulty is required when the evidence shows (1) that the defendant
did some act or used some words which provoked the attack on him, (2) that such act
or words were reasonably calculated to provoke the attack, and (3) that the act was
done or the words were used for the purpose and with the intent that the defendant
would have a pretext for inflicting harm upon the other. Smith v. State, 590 S.W.2d
509, 513 (Tex. Crim. App. 1998).

 Strickland v. Washington, 466 U.S. 668 (1984), sets forth the proper standard
of review for effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. The defendant must first show that
counsel's performance was deficient, i.e., that his assistance fell below an objective
standard of reasonableness. Thompson, 9 S.W.3d at 812. Second, the defendant
must further prove that there is a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different. Id. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Id. 

 The determination regarding whether a defendant received effective assistance
of counsel must be made according to the facts of each case. Id. An appellate court
looks to the totality of the representation and the particular circumstances of the case
in evaluating the effectiveness of counsel. Id.

 The appellant bears the burden of proving by a preponderance of the evidence
that counsel was ineffective. Id. at 813. There is a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Strickland,
466 U.S. at 689; see Davis v. State, 930 S.W.2d 765, 767 (Tex. App.--Houston [1st
Dist.] 1996, pet. ref'd). To defeat the presumption of reasonable professional
assistance, "any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness." McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (per curiam).

 Given the standard of review for effectiveness of counsel, appellant has not met
his burden to prove that trial counsel's representation fell below an objective standard
of reasonableness and that this deficient performance prejudiced his defense. In the
instant case, the record does not address counsel's rationale for failing to object to the
trial court's instruction on provoking the difficulty. Thus, the record is not sufficient
to rebut Strickland 's presumption that the challenged action of trial counsel was the
result of "sound trial strategy." See Strickland, 466 U.S. at 689. 

 Moreover, viewing the evidence in the light most favorable to giving the
instruction, there was sufficient evidence from which the jury could find that the
appellant's words or acts, or both, caused the attack upon him by the decedent. 
Smith, 590 S.W.2d at 513. Appellant's eleventh issue is overruled. 

Judgment

 In his thirteenth issue, appellant contends the trial court erred in admitting a
judgment into evidence, at the punishment phase, that was not linked to the person
being tried. The juvenile judgment referenced several crimes, including the crimes of
aggravated assault with a hammer and attempted murder through stabbing. 

 During the punishment phase, a trial court may admit evidence of prior criminal
convictions. See Tex. Crim. Proc. Code Ann. art. 37.07, § 3(a) (Vernon Supp. 2002);
Smith v. State, 998 S.W.2d 683, 687 (Tex. App.-Corpus Christi 1999, pet. ref'd). 
Certified copies of a judgment and sentence are admissible. Tex. R. Evid. 901(b)(7);
Smith, 998 S.W.2d at 687. However, the State must produce evidence that the
defendant is the same person named in the previous conviction. Beck v. State, 719
S.W.2d 205, 210 (Tex. Crim. App. 1986). Without evidence linking the defendant to
the prior conviction, evidence of the prior conviction is not relevant. See Smith, 998
S.W.2d at 687. 

 The court of criminal appeals recognizes four ways to prove prior convictions,
that is (1) testimony of a witness who personally knows the defendant and the fact
of his prior conviction and identifies him; (2) stipulation or judicial admission of the
defendant that he has been so convicted; (3) introduction of certified copies of the
judgment, sentence and record of the Texas Department of Corrections or a county jail
including fingerprints of the accused supported by expert testimony identifying them
with known prints of the defendant; or (4) comparison by the fact finder of a record
of conviction which contains photographs and a detailed physical description of the
named person, with the appearance of the defendant, present in court. Id. 

 Appellant argues that Aguilar failed to testify that the prior conviction involved
Armando "Villarreal" Arispe, Jr. as charged in the indictment. We have previously
addressed arguments pertaining to appellant's correct name, thus we will not further
address this contention. Appellant also argues that the State's witness did not identify
the person being tried as the same person who acquired the judgment in question. 

 The State introduced the judgment through the testimony of Javier Aguilar, a
supervisor with the juvenile probation department. Contrary to appellant's argument,
the record shows that Aguilar was personally familiar with appellant and the facts
pertaining to his prior conviction. Aguilar testified that he was the officer assigned to
work on appellant's case and the proceedings that led to the prior judgment. 
Moreover, appellant's own counsel questioned Aguilar regarding whether appellant's
probation in the prior criminal history would affect his ability for probation in the
instant case, thus conceding an affirmative tie between the individual referenced in the
prior conviction and the individual in the instant case. The evidence in the aggregate
supports a rational finding that the appellant is the same person as the one previously
convicted. See Smith, 998 S.W.2d at 687. Good Time Credit

 In fourteenth issue, appellant contends that the trial court erred in not granting
a motion for new trial because the charge included a misleading instruction on good
time credit. According to appellant, the trial court should not have instructed the jury
on good time credit because it was not relevant to the present case. See Jimenez v.
State, 32 S.W.3d 233 (Tex. Crim. App. 2000) (defendants convicted of offenses
listed in code are ineligible for good time credit). Appellant thus argues that his due
process rights and due course of law rights were violated. 

 The charge on good time credit is mandatory and the trial court had no
discretion to omit it. See Tex. Crim. Proc. Code Ann. art. 37.07, §4(b) (Vernon Supp.
2002); Washington v. State, 59 S.W.3d 260, 266 (Tex. App.-Texarkana 2001, pet.
ref'd). The Texas Court of Criminal Appeals has considered and rejected this same
argument in Luquis v. State, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002); see Benoit
v. State, 87 S.W.3d 668, 673 (Tex. App.-San Antonio 2002, pet. ref'd). Moreover,
the instruction was not so misleading as to deny the appellant due process or due
course of law. Luquis, 72 S.W.3d at 368. We overrule appellant's fourteenth issue.

Sudden Passion


 In his fifteenth issue, appellant contends that the trial court committed reversible
error in not granting an instruction on sudden passion. The existence of sudden
passion is an issue for the punishment stage of trial. Sanchez v. State, 23 S.W.3d 30,
34 (Tex. Crim. App. 2000). The penal code defines "sudden passion" as "passion
directly caused by and arising out of provocation by the individual killed or another
acting with the person killed which passion arises at the time of the offense and is not
solely the result of former provocation." Tex. Pen. Code Ann. § 19.02(a)(2) (Vernon
1994). If, by a preponderance of the evidence, the defendant proves that he caused
the death under the immediate influence of sudden passion arising from an adequate
cause, the offense is a felony of the second degree. Id. at § 19.02(d). "Adequate
cause" means cause that would commonly produce a degree of anger, rage,
resentment, or terror in a person or ordinary temper, sufficient to render the mind
incapable of cool reflection. Id. at §19.02(a)(1).

 When a defendant seeks appellate review of a failure to make a finding on which
the defendant has the burden of proof, we apply a factual sufficiency standard of
review. Meraz v. State, 785 S.W.2d 146, 154-55 (Tex. Crim. App. 1990). Under
this standard, we will set aside the court's finding if it is against the great weight and
preponderance of the evidence. See Johnson v. State, 23 S.W.3d 1, 10 (Tex. Crim.
App. 2000); Meraz, 785 S.W.2d at 146.

 After reviewing the record, we conclude that the issue of sudden passion was
not raised by the evidence. Although the testimony at trial showed that appellant was
afraid at the time of the incident, the Texas Court of Criminal Appeals has repeatedly
held that fear alone does not raise the issue of sudden passion. See Jenkins v. State,
740 S.W.2d 435, 443 (Tex. Crim. App. 1987) (citing Smith v. State, 721 S.W.2d
844 (Tex. Crim. App. 1986), and Daniels v. State, 645 S.W.2d 459 (Tex. Crim. App.
1983)). Moreover, when a defendant initiates the criminal episode, the victim's
subsequent acts of violence do not constitute adequate cause from which sudden
passion may arise. Adanandus v. State, 866 S.W.2d 210, 231 (Tex. Crim. App.
1993); Williams v. State, 35 S.W.3d 783, 788 (Tex. App.-Beaumont 2001, pet.
re'fd). Thus, the trial court did not err in refusing to give an instruction on sudden
passion. We overrule appellant's fifteenth issue.

Conclusion 

 Having overruled each of appellant's issues on appeal, we affirm the judgment
of the trial court. 

 

 

 Rogelio Valdez 
Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Opinion delivered and filed

This 13th Day of February, 2003. 
1. At trial, appellant objected to the admission of State's exhibits 60, 61, 64, 65,
71, 73, 74, 75, 76, 77, and 78 on grounds that they were irrelevant, that their
probative value was outweighed by their prejudicial effect, and that they were
repetitious. Appellant objected to exhibits 58 and 62 on grounds that their probative
value was outweighed by their prejudicial effect, and that they were repetitious. 
Appellant further objected to exhibits 63, 66, 67, 68, 69, and 70 as repetitive. The
trial court excluded exhibits 75 and 76, and exhibit 74 was not offered into evidence.