**Nathaniel John MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–00260–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 6, 2000.

Frances Northcutt, Houston, for Appellant.

Calvin Hartmann, John B. Holmes, Houston, for State.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.[1]

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

SAM NUCHIA, Justice.

Appellant was charged with capital murder. A jury found him guilty of the lesser included offense of murder and assessed punishment at 60 years confinement. Appellant contends the court erred in denying his request for a jury charge on manslaughter. We affirm.

## BACKGROUND

Joanie Nash invited Dan Cox to a party. Appellant was also at Nash's party. Appellant had been drinking beer, smoking marihuana, and doing cocaine throughout the evening. Appellant and Cox left the party together to go to Cox's apartment to contact Cox's dealer to get cocaine. Appellant returned to the party alone wearing different clothes. Appellant eventually told Nash and his brother that he had killed Cox because Cox had tried to molest him. No one contacted the police that night.

The next day, after friends became concerned about his welfare, Cox's body was found seated on the couch in the living room of his apartment. The assistant medical examiner determined that he had been stabbed 24 times in the neck, and his throat had been cut. Cox also had a broken nose, facial abrasions, a stab wound to the chest, and a stab wound to the abdomen.

Police got a warrant after learning from appellant's mother's boyfriend, a deputy constable, that appellant admitted killing Cox. Appellant gave the police two written statements. In the first statement, appellant claimed he had stabbed Cox in self-defense after Cox made sexual advances toward him. Appellant stated, "all [he] could see was being raped and killed," and he used his knife "to make him stop" after Cox attempted to pull his shorts down. In the second statement, appellant admitted

he took $420 out of Cox's wallet and put the wallet and the clothes he had been wearing in a restaurant dumpster.

A crime scene expert testified appellant's account of how he stabbed Cox, as Cox was leaning over him, pulling at his shorts, was inconsistent with the physical evidence at the scene. The pattern of blood splatter and the absence of blood in the area directly behind Cox's head indicated Cox was seated normally on the couch, in the approximate position in which he was found, while he was being stabbed.

## ANALYSIS

In his point of error, appellant alleges the court erred in denying his request for a jury charge on manslaughter. He asserts that the issue of manslaughter was raised by his testimony that he did not intend to kill the victim. The State argues appellant's testimony raised the issue of self-defense, precluding an instruction that he committed manslaughter by acting recklessly.

 A charge on a lesser included offense must be given if (1) the lesser included offense is included within the proof necessary to establish the charged offense, and (2) there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993). The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser included offense should be given. *Banda v. State*, 890 S.W.2d 42, 60 (Tex.Crim.App.1994). Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Crim. App.1992).

 Manslaughter can be a lesser included offense of capital murder. *Adan-*

*dus v. State*, 866 S.W.2d 210, 232 (Tex. Crim.App.1993). We must next determine whether the record contains evidence that appellant is guilty of only manslaughter. *Rousseau*, 855 S.W.2d at 673. We examine all of the evidence for any that would support a verdict of guilt only on the lesser charge. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App.1994). Manslaughter requires a finding that appellant recklessly caused the death of Cox. *See* TEX. PENAL CODE ANN. § 19.04 (Vernon 1994). In determining whether there is evidence to support a charge on recklessness, a statement that a defendant did not intend to kill the victim "cannot be plucked out of the record and examined in a vacuum." *Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim.App.1986).

On direct examination, appellant testified to the following:

Defense counsel: When you opened the knife. Do you know if he saw it or not?

Appellant: I'm not sure if he did.

Defense counsel: Did you take action at that point?

Appellant: Yes.

Defense counsel: What did you have to do?

Appellant: I swung the knife a couple times towards him.

Defense counsel: Do you think you hit him?

Appellant: Yes.

Defense counsel: Why were you swinging the knife towards Dan Cox?

Appellant: To get him off me.

Defense counsel: Did you have any intent to kill him at that point?

Appellant: No, Sir.

Throughout the direct examination, appellant denied having any specific intent to kill Cox; however, he repeatedly claimed that he acted in self-defense. During cross examination, appellant testified that he intended to defend himself by hurting Cox.

Prosecutor: You testified earlier that you had no intent to hurt Mr. Cox. You plunged a knife two, two and half, a half an inch into him, different variations, 24 times. What did you intend to do?

Appellant: To get him off me.

Prosecutor: By hurting him?

Appellant: Yes, ma'am. I guess it's to defend myself.

Prosecutor: But you meant to hurt him?

Appellant: Yes, ma'am.

Prosecutor: Why did you tell your lawyer that you didn't mean to hurt him?

Appellant: I didn't have intent to go over there to hurt him, but at that time, yes.

Prosecutor: You pulled this gun (sic) out and you slashed his throat. You intended to hurt him, didn't you?

Appellant: No. I pulled the knife out.

Prosecutor: I'm sorry. When you pulled the knife out, you intended to hurt him, didn't you?

Appellant: Yes, ma'am.

The record does not establish that appellant, if guilty, was guilty only of the lesser included offense of manslaughter. Even though appellant claimed that he stabbed Cox and cut his throat without intending to kill him, his intent to "hurt him" with a knife is intent to cause serious bodily injury. The commission of an act clearly dangerous to human life suffices to support a conviction for murder under section 19.02(b)(2) of the Texas Penal Code and is not an accidental or reckless act. TEX. PENAL CODE ANN. § 19.02(b)(2) (Vernon 1994). Furthermore, one cannot accidentally or recklessly act in self-defense. *Johnson v. State*, 915 S.W.2d 653, 659 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd); *Avila v. State*, 954 S.W.2d 830, 843 (Tex.App.—El Paso 1997, pet. ref'd) (holding intentional conduct is implicit in a claim of self-defense; thus, a defendant's testimony that he acted in self-defense effectively precludes an instruction that he committed manslaughter by acting reck-

lessly). The trial court did not err in refusing appellant's requested charge on manslaughter.

We overrule appellant's point of error.

We affirm.