In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01021-CR

____________


JOHN PHILLIP O'BRIEN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 810604






O P I N I O N

 Appellant pled not guilty to murder. A jury found appellant guilty and assessed
punishment at 35 years' confinement. In five points of error, appellant argues that the
trial court erred in (1) denying his request for a charge on the lesser-included offense
of manslaughter, (2) allowing the State to question appellant on why he obtained a
pistol, (3) refusing to give appellant an extra peremptory strike, and (4) allowing
improper prosecutorial argument. We reverse and remand.

Background


 On April 9, 1999, a group of family and friends went bowling. Richard Perez,
a member of the group, left the bowling alley first. He began arguing with teenagers
who were across the street. The teenagers got off their bikes and walked toward
Perez. At the same time, other members of Perez's group came outside from the
bowling alley and chased the teenagers away from the area. 

 Later, one of the teenagers found appellant and told him what had occurred. 
Appellant and his friends drove to the bowling alley in a red Ford Mustang to
confront the bowling group. After exiting the Mustang, appellant retrieved a gun
from under the hood while someone else carried a bat. 

 A woman from the bowling group approached appellant and told him to put the
gun away. During the altercation, Lionel Rodriguez was shot. Appellant then fled
the scene. Rodriguez later died from a gunshot wound to the chest. 

Lesser-Included Offense


 In his first point of error, appellant argues that the trial court erred in denying
his request for a charge on the lesser-included offense of manslaughter. During the
charge conference, appellant requested that involuntary manslaughter be included as
a lesser offense.

 A charge on a lesser-included offense must be given if (1) the lesser-included
offense is included within the proof necessary to establish the charged offense, and
(2) there is some evidence in the record that would permit a jury rationally to find
that, if the defendant is guilty, he is guilty only of the lesser offense. Rousseau v.
State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993); Tex. Code Crim. Proc.
Ann. art. 37.09 (Vernon 1981). The credibility of the evidence and whether it
conflicts with other evidence or is controverted may not be considered in determining
whether an instruction on a lesser-included offense should be given. Banda v. State,
890 S.W.2d 42, 60 (Tex. Crim. App. 1994). Regardless of its strength or weakness,
if any evidence raises the issue that the defendant was guilty only of the lesser
offense, then the charge must be given. Saunders v. State, 840 S.W.2d 390, 391 (Tex.
Crim. App. 1992).

 Manslaughter is a lesser-included offense of murder. Moore v. State, 969
S.W.2d 4, 9 (Tex. Crim. App. 1998). Therefore, we must determine whether there
was some evidence that appellant was guilty only of manslaughter. We examine all
of the evidence that would support a verdict of guilt only on the lesser charge. 
Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). 

 Manslaughter would require a finding that appellant recklessly caused
Rodriguez's death. Tex. Pen. Code Ann. § 19.04 (Vernon 1994). In determining
whether there is evidence to support a charge on recklessness, a statement that
appellant did not intend to kill the victim "cannot be plucked out of the record and
examined in a vacuum." Godsey v. State, 719 S.W.2d 578, 584 (Tex. Crim. App.
1986). 

 Appellant contends that there is evidence to support the charge of
manslaughter. Specifically, appellant asserts that, during the trial, he denied that he
intentionally killed Rodriguez. He admitted that he retrieved the gun because he saw
that his brother was surrounded by several men. Shortly thereafter, Leticia Astorga
came forward and grabbed appellant's shirt. He pushed her back and then pointed his
gun at Rodriguez. Appellant also saw Jason Astorga carrying a two-inch by four-
inch piece of wood and moving to appellant's side to get around him. Appellant then
heard a woman's scream from the Mustang, turned to look, and then turned back
toward Rodriguez. When he turned back around, appellant was struck by the piece
of wood. Appellant testified that when he was hit by the wood, it caused him to
"clench," and the gun went off. Appellant recalled being thrown to the ground from
the force of the piece of wood. 

 Based on this testimony, there is some evidence that appellant could be guilty
only of recklessly causing Rodriguez's death. Although appellant pointed the gun at
Rodriguez, there is some evidence that the gun accidentally went off after he was hit
by the board. Accordingly, we conclude that the trial court abused its discretion in
not giving an instruction on manslaughter. 

 The State argues that appellant was not entitled to a manslaughter charge
because he was given a self-defense charge, which is inconsistent with manslaughter. 
In support, it cites Martinez v. State, 16 S.W.3d 845, 848 (Tex. App.--Houston [1st
Dist.] 2000, pet. ref'd), which holds that "one cannot accidentally or recklessly act in
self-defense." Id. Similar language is found in Avila v. State, 954 S.W.2d 830, 834
(Tex. App.--El Paso 1997, pet. ref'd); Johnson v. State, 915 S.W.2d 653, 659 (Tex.
App.--Houston [14th Dist.] 1996, pet. ref'd); and Mock v. State, 848 S.W.2d 215,
219 (Tex. App.--El Paso 1992, pet. ref'd). While we agree with the principle of law 
upon which these cases rely, we believe that it does not apply in this case. In those
cases, there was no evidence that the defendant acted recklessly. To the contrary, the
evidence established that the defendant acted intentionally, but there was evidence
that the intentional act was justified as self-defense. 

 In this case, there is some evidence that appellant acted recklessly, thereby
entitling him to a manslaughter charge. "It is well settled that an accused has the right
to an instruction on any defensive issue raised by the evidence, whether that evidence
is weak or strong, unimpeached or contradicted, and regardless of what the trial court
may or may not think about the credibility of the evidence." Granger v. State, 3
S.W.3d 36, 38 (Tex. Crim. App. 1999); see Hayes v. State, 728 S.W.2d 804, 809-10
(Tex. Cirm. App. 1987) (error to refuse charge on reckless conduct when self-defense
charge given). 

 The erroneous refusal to give a requested instruction on a lesser-included
offense is charge error subject to an Almanza harm analysis. Saunders v. State, 840
S.W.2d 390, 392 (Tex. Crim. App. 1992); see Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (op. on rehearing). Under that analysis, reversal is required
if the error resulted in some harm to the accused, "some" meaning "any." Arline v.
State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986); Almanza, 686 S.W.2d at 171. 
If the absence of the lesser-included offense instruction left the jury with the sole
option either to convict the defendant of the charged offense or to acquit him, a
finding of harm is essentially automatic because the jury was denied the opportunity
to convict the defendant of the lesser offense. Saunders v. State, 913 S.W.2d 564,
571 (Tex. Crim. App. 1995). In cases such as this, there is a distinct possibility that
the jury, believing the defendant to have committed some crime, but given only the
option to convict him of the greater offense, may have chosen to find him guilty of
that greater offense, rather than to acquit him altogether, even though it had a
reasonable doubt that he really committed the greater offense. Id. (citing Beck v.
Alabama, 447 U.S. 625, 634, 100 S. Ct. 2382, 2388 (1980)). 

 The jury had two options in this case: find appellant guilty of murder or acquit
him. It chose to convict him of murder and assessed punishment at 35 years'
imprisonment. The range of punishment for murder is confinement for 5 to 99 years
or life. Tex. Pen. Code Ann. §§ 19.02, 12.32 (Vernon 1994). At trial, appellant
requested the lesser-included offense of manslaughter, with a range of punishment of
2 to 20 years confinement. Tex. Pen. Code Ann. §§ 19.04, 12.33 (Vernon 1994). 
Appellant was harmed because the jury was not given the opportunity to find him
guilty of the lesser offense, which it could reasonably have done based on the
evidence. 

 We sustain appellant's first point of error.

 In light of our disposition of the first point of error, it is unnecessary for us to
examine the remaining points of error.

Conclusion

 We reverse the judgment of the trial court and remand the cause for further
proceedings consistent with this opinion.


 Adele Hedges

 Justice

Panel consists of Justices Mirabal, Hedges, and Jennings.

Publish. Tex. R. App. P. 47.