NUMBER
13-04-262-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

ERIC ALBERTO MAYA,                                                                   Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 197th District
Court

                                       of
Cameron County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 








Appellant, Eric Alberto Maya, was found guilty of
murder and sentenced to life imprisonment. 
On appeal, appellant raises two issues: 
(1) the trial court erred in overruling an objection that the jury
charge did not contain a requested instruction on the lesser included offense
of manslaughter; and (2) the jury charge was flawed, which should result in a
new trial.  We affirm.

I.  BACKGROUND

Appellant and decedent, David Ramirez, both attended
a small party hosted by Julian Pena in Brownsville, Texas, on the evening of
August 26, 2000.  During the early hours
of August 27, 2000, Pena, along with Ramirez, drove appellant and appellant=s younger brother home.  Upon arriving at appellant=s home, appellant refused to get out of the
vehicle.  Appellant=s younger brother got out, but appellant left with
Pena and Ramirez.  Pena drove to the end
of the street and asked appellant to get out, but appellant still refused.  An argument ensued between appellant and
Ramirez, which Pena successfully broke up. 
They arrived back at Pena=s house where sometime later that night, appellant
grabbed a knife and stabbed Ramirez in the abdomen, which resulted in his
death.

Appellant was charged with murder; the jury found
him guilty and sentenced him to life in prison.

II. LESSER-INCLUDED OFFENSE

By his first issue, appellant contends that the
trial court erred in overruling his objection that the jury charge did not
contain a requested instruction on the lesser-included offense of
manslaughter.  Further, appellant argues
that there is evidence supporting his claims that he did not intend to kill
Ramirez and that he acted in self-defense.

An error in the jury charge is generally reviewed
under an abuse of discretion standard.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).








A charge on a lesser‑included offense must be
given if (1) the lesser‑included offense is included within the proof
necessary to establish the charged offense, and (2) there is some evidence in
the record that would permit a jury rationally to find that, if the defendant
is guilty, he is guilty only of the lesser offense.  Rousseau v. State, 855 S.W.2d 666, 672‑73
(Tex. Crim. App. 1993).   The first step
is to decide whether the offense is actually a lesser‑included offense of
the offense charged.  Feldman v. State,
71 S.W.3d 738, 750 (Tex. Crim. App. 2002). 
In meeting the second prong, there must be some evidence from which a
rational jury could acquit the defendant of the greater offense while
convicting him of the lesser‑included offense.  Id.

Manslaughter is a lesser‑included offense of
murder.  Moore v. State, 969
S.W.2d 4, 9 (Tex. Crim. App. 1998). Therefore, we must determine whether there
was some evidence that appellant was guilty only of manslaughter.  See Feldman, 71 S.W.3d at 750.  We examine all of the evidence that would
support a verdict of guilt only on the lesser charge.  Bignall v. State, 887 S.W.2d 21, 23
(Tex. Crim. App. 1994).








A verdict of manslaughter would require a finding
that appellant recklessly caused Ramirez=s death.  See
Tex. Pen. Code Ann. ' 19.04 (Vernon 2001).  A person acts recklessly, or is reckless,
with respect to circumstances surrounding his conduct or the result of his
conduct when he is aware of but consciously disregards a substantial and unjustifiable
risk that the circumstances exist or the result will occur.  Id. ' 6.03
(Vernon 2001).  The risk must be of such
a nature and degree that its disregard constitutes a gross deviation from the
standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor's standpoint.  See id. 
In determining whether there is evidence to support a charge on
recklessness, a statement that a defendant did not intend to kill the victim Acannot be plucked out of the record and examined in
a vacuum.@  Godsey v.
State, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986); Martinez v. State,
16 S.W.3d 845, 847 (Tex. App.BHouston [1st Dist.] 2000, pet. ref'd).  Furthermore, one cannot accidentally or
recklessly act in self-defense.  Avila
v. State, 954 S.W.2d 830, 843 (Tex. App.BEl
Paso 1997, pet. ref=d); Johnson v. State, 915 S.W.2d 653, 659
(Tex. App.BHouston [14th Dist.] 1996, pet. ref'd).  In contrast, murder requires the culpable
mental states of Aintentional@ or Aknowing@ conduct.  See
Tex. Pen. Code Ann.  ' 19.02(b) (Vernon 2003).  A person acts with Aintent@ when Ait is his conscious objective or desire to engage in
the conduct or cause the result,@ see id. '
6.03(a), and acts with Aknowledge@ when Ahe is aware that his conduct is reasonably certain
to cause the result.@  Id. ' 6.03(b).

In the instant case, appellant testified that he
acted in self-defense.  Appellant claims
he was afraid because Ramirez threatened his life and punched him in the face
repeatedly.  Appellant states that he was
running away from Ramirez when he picked up the knife; he turned around and
Ramirez was close enough to him that he plunged into the knife.  Appellant contends he did not intend to kill
Ramirez, but only wished to stop him. 

Witness testimony from other individuals at the
party contradicts appellant=s story.  Pena
admitted that a struggle did ensue between appellant and Ramirez before
arriving back at the party, but added that he did not hear Ramirez or appellant
threaten each other=s lives. 
Also, Pena never witnessed Ramirez punch appellant in the face.  Pena asserted that things between appellant
and Ramirez were fine once they returned to his home.  Furthermore, other witnesses present at the
party testified that they did not see or hear any signs of struggle or
aggression between appellant or Ramirez at the time of the stabbing.  They also did not see Ramirez ever strike
appellant.  In fact, the lone witnessed
act of aggression reported by anyone was appellant swinging at Ramirez.  








The evidence clearly illustrates that appellant's
intentional act of stabbing Ramirez, although allegedly to protect himself,
went beyond reckless conduct.  See id.
 ' 6.03(a), (b)
(defining intentional and knowing conduct); see also Martinez, 16 S.W.3d
at 848 (holding that defendant=s claim of self-defense precluded instruction on
recklessness because self-defense is intentional conduct); Avila, 954
S.W.2d at 843 (holding that defendant cannot accidentally or recklessly act in
self-defense).  As stated above, the
statement by appellant that he did not intend to kill Ramirez cannot be taken
in a vacuum. Consequently, the record wholly fails to establish that appellant,
if guilty, was guilty only of reckless conduct. 
See Feldman, 71 S.W.3d at 750. 

Based on an examination of all the evidence
presented at trial, we conclude that the jury could not have acquitted
appellant of the murder charge while convicting him only of manslaughter.  See id. 
The trial court did not abuse its discretion in overruling appellant=s objection that the proffered charge did not
contain a requested instruction on the lesser-included offense of
manslaughter.  See Guzman, 955
S.W.2d at 89.  We overrule appellant=s first issue. 


III. JURY CHARGE

By his second issue, appellant contends he is
entitled to a new trial because the trial court failed to instruct the jury on
the lesser included offense of manslaughter; therefore, the jury charge was
flawed.  Given the arguments he makes in
support of this contention, we must construe appellant=s argument on appeal to be that the trial court
failed to instruct on sudden passion. 
The State argues that appellant waived error because he failed to
request a Asudden passion@ instruction during the punishment phase or object
to the charge as given. 








From our review of the record, we conclude the trial
court did not commit any error; therefore, appellant was not denied a fair and
impartial trial.  Castaneda v. State,
28 S.W.3d 685, 694 (Tex. App.BCorpus Christi 2000, no pet.).  Furthermore, after reviewing the record, we
conclude that appellant did not raise the issue of sudden passion during the
punishment phase of trial.  Appellant
objected only to the trial court=s failure to include a manslaughter instruction only
during the guilt/innocence stage of trial. 
Under present law, a defendant may attempt  to prove the issue of sudden passion by a
preponderance of the evidence only at the punishment phase of the trial.  Tex.
Pen. Code Ann. ' 19.02(d) (Vernon Supp. 2001); Wesbrook v. State,
29 S.W.3d 103, 113 n.7 (Tex. Crim. App. 2000). 
Appellant has apparently mistaken an objection regarding a manslaughter
instruction for an objection regarding instruction on sudden passion.  We note that these are not equivalent
concepts:  manslaughter is a reckless
killing while sudden passion is a mitigating or defensive factor raised during
punishment.  Compare Tex. Pen. Code Ann. ' 19.02(d) with id. ' 19.04.  








Even disregarding appellant=s failure to raise the issue during the punishment
phase and assuming error, there does not appear to be any egregious error on
the part of the trial court in failing to include instructions on sudden
passion.  See Grider v. State, 139
S.W.3d 37, 41 (Tex. App.BTexarkana 2004, no pet.) (concluding that trial
court=s failure to instruct on sudden passion was not
egregiously harmful given defendant=s self-defense theory).  If the error was not properly objected to, we
may reverse only if the record shows that the error was so egregiously harmful
that the defendant was denied a fair and impartial trial.  See Ovalle v. State, 13 S.W.3d 774,
786 (Tex. Crim. App. 2000); Escobar v. State, 28 S.W.3d 767, 777 (Tex.
App.BCorpus Christi 2000, pet. ref=d).  We
overrule appellant=s second issue.

IV. 
CONCLUSION

The judgment of the trial court is affirmed.

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 27th day of October, 2005.