**Opinion issued December 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00660-CR

————————————

**TREYVON RAYMOND WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 400th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 12-DCR-60402**

---

## MEMORANDUM OPINION

A jury convicted Treyvon R. Williams of murder and found that he used a deadly weapon in the commission of the crime. TEX. PENAL CODE ANN. § 19.02. The jury assessed punishment at 70 years' confinement. Williams appeals, contending that in light of evidence showing his actions were legally justified, the

evidence was insufficient to support a conviction for murder. He also argues that the trial court erred by denying his proposed jury instructions on the lesser-included offenses of manslaughter, criminally negligent homicide, and deadly conduct.

We conclude that a rational jury could have rejected the justification defenses. We further conclude that the proposed instructions on lesser-included offenses were correctly refused because Williams's evidence was that he acted intentionally but with legal justification. Accordingly, we affirm.

## Background

In the weeks prior to the charged offense, Darian Chaney and Desiray Johnson stole a variety of items from Tevin Johnson and appellant Treyvon Williams. Tevin and appellant retaliated by stealing items from Darian and Desiray.

On the day of the offense, Darian, Desiray, complainant Ron "Rico" Chaney, and several other people searched for appellant to recover the stolen items. Darian, Desiray, and Rico went to the home of Angela Jones, and appellant came out of the house, indicating that he wanted to fight. The group decided there would be a one-on-one fight in which appellant was allowed to choose his opponent; he chose to fight Rico. By this time, multiple carloads of people had arrived at the house, and a crowd had formed around the yard.

Neither appellant nor Rico struck each other during the fight, and the two separated quickly when another fight broke out between Desiray and another woman, Andromida Norris. Soon, the fight between Desiray and Andromida ended as Rico walked towards the women to break them up. At the same time, appellant walked to a green Lexus, retrieved a gun, and fired three or four shots in the direction of Rico and Desiray. One of the bullets struck Rico in the head, killing him. Appellant fled in the green Lexus.

Later that night, after discussion with his mother and counseling with her pastor, appellant returned to the scene to turn himself in to the police. After he was taken to an interview room by the police and read his *Miranda* warnings, appellant gave a video-recorded statement.

In the recorded statement, appellant initially stated that he believed someone else at the scene had an assault rifle and that he had accidentally shot Rico while trying to shoot the other individual. Later in the interview, appellant stated that he shot Rico because he thought Rico intended to hurt Andromida, who was fighting with Desiray in the yard.

Appellant was charged with murder. Following trial, he was convicted and sentenced to 70 years' confinement.

**Analysis**

On appeal, appellant challenges the sufficiency of the evidence supporting his conviction and the trial court's refusal to charge the jury on lesser-included offenses.

## I.    Sufficiency of the evidence

Appellant argues in his first issue that the evidence at trial was legally insufficient to support his conviction for murder because a rational factfinder could not have properly rejected his theories of self-defense.

When evaluating the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We must defer to the responsibility of the factfinder to fairly resolve conflicts in the testimony, to weigh evidence, and to draw reasonable inferences from the facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Williams*, 235 S.W.3d at 750. In so doing, we may not reevaluate the weight and credibility of the record evidence and thereby substitute our own judgment for that of the factfinder. *Williams*, 235 S.W.3d at 750. This standard applies equally to circumstantial and direct evidence. *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009).

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual, or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. TEX. PENAL CODE ANN. § 19.02. "[A] person is justified in using force against another when and to the degree the actor reasonably believes force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." *Id.* § 9.31(a). Deadly force is justified to protect the actor against another's use or attempted use of unlawful deadly force and to prevent another's imminent commission of murder, kidnapping, sexual assault, or robbery. *Id*. § 9.32(a). A person is justified in using deadly force against another to protect a third person if, under the circumstances the actor reasonably believes them to be, the actor would be justified in using force against the other under section 9.32 to protect himself against the unlawful deadly force he reasonably believes to be threatening the third person, and the actor reasonably believes that his intervention is immediately necessary to protect the third person. *Id.* § 9.33.

The defendant bears the initial burden to produce evidence supporting a justification defense. *Zuliani v. State*, 97 S.W.3d 589, 594–95 (Tex. Crim. App. 2003). Once the defendant produces some evidence, the State then bears the burden of persuasion to disprove the raised defense. *Id.* The burden of persuasion does not require the State to produce evidence; it requires only that it prove its case

beyond a reasonable doubt. *Id*.; *Hernandez v. State*, 309 S.W.3d 661, 665 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Thus, to convict a defendant of murder after he has raised the issue of self-defense, the State is required to prove the elements of the offense beyond a reasonable doubt and to persuade the jury beyond a reasonable doubt that the defendant did not kill in self-defense. *Zuliani*, 97 S.W.3d at 594; *McClesky v. State*, 224 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Appellant contends that the jury could not have found against him beyond a reasonable doubt on the issues of use of deadly force in defense of himself and in defense of a third person. *See* TEX. PENAL CODE ANN. §§ 9.32, 9.33. Appellant asserts that his own statements that he saw somebody in the crowd with an assault rifle, coupled with other witness testimony that Rico, Desiray, and Darian were at the house to "jump" him, justify his acts as deadly force in defense of himself. He further argues that a jury could not have properly rejected evidence that his use of deadly force was justified to protect Andromida, who testified that when the shots were fired, Rico and Darian were moving toward her to help Desiray because she had her on the ground. Andromida further stated that she saw an unknown person take something black from Rico's person after he was shot, which appellant contends is evidence that Rico had a gun. Appellant also relies on other bystander

testimony indicating that Rico was moving toward Andromida when the shots were fired.

The issue of self-defense is a fact issue to be determined by the jury, which is free to accept or reject the defensive issue. *Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991). When a jury finds the defendant guilty, there is an implicit finding against self-defense. *Id.* at 914. Although there is some evidence that appellant reasonably believed that deadly force was immediately necessary to protect himself or Andromida, other evidence demonstrates that a rational jury could have been persuaded to the contrary beyond a reasonable doubt. Notably, no weapon was found on Rico's person after he was shot, and Andromida testified that the black object taken from his body "could have been a shoe for all I know." Nor did any witness corroborate appellant's statement that an unknown person at the scene was carrying an assault rifle. Furthermore, as the exclusive judge of the facts, the jury was entitled to accept or reject defensive evidence. *Id.*

Viewing the evidence in the light most favorable to the verdict, a rational factfinder could have found beyond a reasonable doubt against appellant on the issues of self-defense and defense of a third person. *See Saxton*, 804 S.W.2d at 914; *Williams v. State*, 226 S.W.3d 611, 617 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We overrule appellant's challenge to the sufficiency of the evidence.

## II.    Lesser-included offense instructions

In his second issue, appellant asserts that the trial court abused its discretion and committed reversible error when it refused to instruct the jury on the lesser-included offenses of manslaughter, criminally negligent homicide, and deadly conduct.

We employ a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser-included offense. *See Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). The first step is a question of law, in which we compare the elements alleged in the indictment with the elements of the lesser offense to determine "if the proof necessary to establish the charged offense also includes the lesser offense." *Id*. The Code of Criminal Procedure states that an offense is a lesser-included offense if:

> (1)    it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (2)    it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3)    it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4)    it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. art. 37.09.

The second step requires us to consider whether there is some evidence that would permit a rational jury to find that, if the appellant is guilty, he is guilty only of the lesser offense. *Cavazos*, 382 S.W.3d at 383. The second step is a question of fact and is based on the evidence presented at trial. *Id*. Thus, a defendant is entitled to an instruction on a lesser-included offense "if some evidence from any source raises a fact issue on whether he is guilty of only the lesser, regardless of whether the evidence is weak, impeached, or contradicted." *Id*. "Although this threshold showing is low, 'it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted.'" *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011) (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)). The standard may be satisfied "if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations." *Id*.

Here, the indictment alleged the elements of murder under all three definitions in the Penal Code:

> (b)   A person commits an offense if he:
>
> > (1)   intentionally or knowingly causes the death of an individual;

(2)    intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

(3)    commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

TEX. PENAL CODE § 19.02(b).

### a.    *Manslaughter and criminally negligent homicide*.

Appellant asserts that it was error for the trial court to refuse to instruct the jury on manslaughter and criminally negligent homicide. Both manslaughter and criminally negligent homicide are lesser-included offenses of murder. *Martinez v. State*, 16 S.W.3d 845, 847 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (manslaughter); *Miller v. State*, 177 S.W.3d 177, 182 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (criminally negligent homicide). But a defendant's testimony that he acted in self-defense precludes a finding that there is some evidence in the record that appellant is guilty only of manslaughter, because a fact finder cannot find both that a defendant acted recklessly and that he acted in self-defense. *Martinez*, 16 S.W.3d at 848; *see also Alonzo v. State*, 353 S.W.3d 778, 782 (Tex. Crim. App. 2011) (noting precedents in which "[t]he very reason for denying the manslaughter charges was that the defendants' evidence was that in

10

committing the homicide they acted intentionally in self-defense, not merely recklessly").

The record also lacks evidence that appellant is only guilty of criminally negligent homicide. That offense requires that a person act with criminal negligence, which involves "inattentive risk creation, that is, the actor ought to be aware of the risk surrounding his conduct or the results thereof." *Lugo v. State*, 667 S.W.2d 144, 147–48 (Tex. Crim. App. 1984); *see also* TEX. PENAL CODE § 6.03(d) (defining criminal negligence); *id*. § 19.05 (offense of criminally negligent homicide). Thus, for a defendant to be entitled to a jury charge on criminally negligent homicide, the record must contain "some evidence" that the defendant did not intend the resulting death or know that it was reasonably certain to occur. *Miller*, 177 S.W.3d at 182. If such evidence is present, the record must contain evidence showing that the defendant was unaware of the risk. *Id*. Here, there is no evidence in the record that appellant did not intend to cause death or that he did not know it was reasonably certain to occur when he fired three or four bullets into a crowd. Nor does the record contain evidence that appellant was unaware of that risk. To the contrary, intentional conduct was implicit in appellant's self-defense testimony. *Cf. Martinez*, 16 S.W.3d at 848.

   b.    *Deadly conduct.*

11

Finally, appellant asserts that it was error for the court to refuse to instruct the jury on the offense of deadly conduct. The offense of deadly conduct can be committed in two ways. A person commits the misdemeanor version of the offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. TEX. PENAL CODE § 22.05(a), (e). The felony version of deadly conduct occurs if a person knowingly discharges a firearm at or in the direction of one or more individuals. *Id*. § 22.05(b)(1). Thus, under these facts, felony deadly conduct satisfies the first prong of the lesser-included test because it was included in the proof necessary to establish the offense of murder. *See* TEX. CODE CRIM. PROC. art. 37.09(1); *Ortiz v. State*, 144 S.W.3d 225, 233–34 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

Appellant requested an instruction that described felony deadly conduct. On appeal, however, he advances no argument to support that instruction. Instead, he merely asserts, without reference to any supporting legal authority, that "when Appellant shot the gun at Rico and/or Darian, his act was reckless." A legal argument that an instruction on misdemeanor deadly conduct should have been given does not support reversal on appeal when the request at trial asked for an instruction on felony deadly conduct. *See* TEX. R. APP. P. 33.1(a), 38.1(i); *Green v. State*, No. 14-07-00827-CR, 2009 WL 1875572, at *10 (Tex. App.—Houston [14th Dist.] Jun. 30, 2009, pet. ref'd) (mem. op., not designated for publication)

(finding briefing waiver when appellant argued for a felony deadly conduct instruction based on evidence that only related to the misdemeanor offense); *Morris v. State*, No. 14-06-00564-CR, 2007 WL 2089290, at *4 (Tex. App.—Houston [14th Dist.] Jul. 24, 2007, no pet.) (mem. op., not designated for publication) (determining that request for lesser-included instruction of misdemeanor deadly conduct was inadequate to preserve error on failure to give instruction on felony deadly conduct).

\*      \*      \*

Because appellant has failed to establish that he was entitled to a lesser-included offense instruction for manslaughter, criminal negligence, or deadly conduct, we overrule his second issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

13