

# In the Court of Criminal Appeals of Texas

Nos. WR-73,419-03 & WR-73,419-04

EX PARTE CHARLES STEWART WALKER,

*Applicant*

On Applications for Writs of Habeas Corpus
Cause Nos. 636861-A and 636861-B in the 174th District Court
From Harris County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant was convicted in 1993 of aggravated sexual assault and sentenced to fifty years' imprisonment. The First Court of Appeals affirmed his conviction later the same year. *Walker v. State,* No. 01-93-00163-CR, 1993 WL 471410 (Tex. App.—Houston [1st Dist.] Nov. 18, 1993, no pet.). Applicant filed these two applications for writ of habeas

corpus in the county of conviction in July of 2008 and April of 2010, respectively. TEX. CODE CRIM. PROC. art. 11.07. In these applications, Applicant raises identical claims pertaining to the same conviction. He alleges actual innocence, ineffective assistance of trial and appellate counsel, and no evidence.

Today, the Court remands this application to the trial court on the ineffective assistance of counsel ground to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's appeal was finalized in 1993, but these two writ applications were not filed until almost fifteen and seventeen years later, respectively.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided. Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670.  And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                                December 7, 2022
**DO NOT PUBLISH**