

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-71,535-02

**EX PARTE CHRIS JOHN UTTON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 704979-B IN THE 209TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J. filed a concurring opinion in which SLAUGHTER, J. joined. NEWELL, J. concurred.

### O R D E R

Applicant was convicted of murder and sentenced to fifty-three years' imprisonment. The First Court of Appeals affirmed Applicant's conviction. *Utton v. State*, No. 01-99-00018-CR (Tex. App.— Houston [1st Dist.] Oct. 7, 1999). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on March 25, 2009. An order designating issues was signed by the trial judge on April 24, 2009. This application was not received by this Court until September 19, 2022. There is no indication in the record of any action by the trial court

after the order designating issues was signed. Nor is there any indication as to why this application was pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends that appellate counsel failed to timely inform Applicant that his conviction had been affirmed and advise him of his right to file a *pro se* petition for discretionary review. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005).Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue this application, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant, the trial court shall state what efforts were made to obtain a response from Applicant.

If Applicant indicates that he does want to pursue this application, or if the trial court is unable to obtain a response from Applicant as to whether he wants to pursue the application, the trial court shall order appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate

counsel timely informed Applicant that his conviction had been affirmed and that he had a right to file a *pro se* petition for discretionary review. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 7, 2022
Do not publish